**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Lourdes GIL, Defendant–Appellee.**

No. 96–4885.

United States Court of Appeals,
Eleventh Circuit.

June 11, 1998.

Russell K. Rosenthal, Miami, FL, for Defendant–Appellee.

William A. Keefer, U.S. Atty., Anne Ruth Schultz, Asst. U.S. Atty., Miami, FL, for Plaintiff–Appellant.

Before TJOFLAT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

BIRCH, Circuit Judge:

We determine in this appeal whether the government may introduce certain evidence in its retrial of the defendant-appellee, Lourdes Gil. In the government's first trial of Gil, a jury acquitted her on a charge of possession of cocaine with intent to distribute but hung on a charge of conspiracy to possess cocaine with intent to distribute. Subsequently, the district court ruled that the government was collaterally estopped from introducing "Clue Spray" evidence that Gil may have come into contact with cocaine, because the court believed that the jury's acquittal of Gil on the possession charge indicated that the jury had found this evidence unpersuasive. We REVERSE.

## I. BACKGROUND

In May 1995, government agents engaged in a "controlled delivery" of five kilograms of cocaine to Lourdes Gil's husband, Julian, and Jorge Vento.[1] Before delivering the cocaine, the agents coated each one-kilogram package of drugs with Clue Spray, a substance that is only visible under ultraviolet light.

After buying the cocaine, Julian and Vento drove the drugs to the Gils' small house. Approximately twenty minutes later, Lourdes left the house and drove away in a different car. When the agents stopped Lourdes, they discovered bundles of United States currency inside a plastic bag. Although Lourdes denied knowing the source, amount, or destination of the money, she acknowledged that she had received it from her husband.

Soon thereafter, the agents arrested Julian at the Gil residence and Vento (who had driven away after Lourdes) at his own house. In the Gil home, the agents found a variety of evidence tending to indicate that someone had tested the cocaine's quality. At Vento's

1. For the sake of clarity and convenience, we refer to the Gils as "Lourdes" and "Julian."

home, the agents recovered the packages of cocaine, three of which had been opened.

Upon inspection under ultraviolet light, Julian, Vento, and Lourdes all appeared to have Clue Spray on the inside and outside of their forearms, on the back of their hands, and in the nail beds of their fingers. Lourdes, however, had apparently had less exposure to Clue Spray than had Julian and Vento; the agents found small "dot" or "freckle" areas of Clue Spray on Lourdes rather than the large "swipes" that they found on the two men. *See* Supp. R2 at 26–28. Although the agents found both Julian's and Vento's fingerprints on the cocaine packages, they did not find any of Lourdes's fingerprints on the drugs.

Based on this incident, the government charged Lourdes with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("the conspiracy count") and with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("the possession count").[2] At trial, Lourdes called an expert in forensic chemistry, Dr. J. Poupko. Dr. Poupko testified that some common substances, such as laundry detergent, appear flourescent under ultraviolet light and that one person can transfer Clue Spray to another by touch. Subsequently, the jury acquitted Lourdes on the possession charge but hung on the conspiracy charge.

Following the mistrial on the conspiracy charge on May 15, 1996, the district court scheduled Lourdes's retrial for May 21, 1996. On the morning of May 21, Lourdes filed a motion to exclude a variety of evidence relating to her alleged possession of cocaine, including the apparent presence of Clue Spray on her hands and arms. With regard to all of this evidence, Lourdes argued that the jury had already resolved the issue of her alleged possession of cocaine in her favor.

Because of her acquittal on the possession charge, Lourdes contended that the government was collaterally estopped, under the Double Jeopardy Clause of the Fifth Amendment, from relitigating evidence of her possible possession.[3] Although the government did not have opportunity to prepare a written brief, it responded that the Double Jeopardy Clause does not prohibit the reintroduction of evidence relevant to one crime simply because a jury appeared to reject an inculpatory interpretation of that evidence in acquitting the same defendant of another crime.

After hearing oral argument, the district court granted in part and denied in part Lourdes's motion. Citing *United States v. Garcia*, 78 F.3d 1517 (11th Cir.1996), the district court held that before finding estoppel it had to determine (1) whether it could ascertain the basis of Lourdes's acquittal on the possession count and (2) whether any element of the possession count was also an essential element of the conspiracy count. Initially, the court noted that "[i]n this particular case, without any special verdict form or any request for a special verdict form, and no reasons having been given by the jury, we can only speculate as to exactly what the jury did ...." Supp. R5 at 12. Nonetheless, the court concluded that the jury must have accepted the testimony by Dr. Poupko that the Clue Spray evidence did not prove that Lourdes had touched the cocaine. Because the court believed that the jury had made "a decision on Clue Spray," it held that the government was estopped from introducing any Clue Spray evidence in Lourdes's retrial on the conspiracy count. *Id.* at 37. The court, however, denied Lourdes's motion with regard to other evidence concerning possession that the government had utilized in Lourdes's first trial.

In July 1996, both Lourdes and the government sought interlocutory appeal of the

---

2. The government also brought the same charges against Julian and Vento. Julian pled guilty prior to trial. Vento was tried with Lourdes. The jury found Vento guilty of possession of cocaine with intent to distribute but hung on the conspiracy charge.

3. We recognize that the term "collateral estoppel" is a misnomer because Lourdes's retrial

would be a continuation of her first trial. Although the term "direct estoppel" would perhaps be more accurate, this court has used the term "collateral estoppel" to avoid confusion. *See United States v. Shenberg*, 89 F.3d 1461, 1478 (11th Cir.1996), *cert. denied sub nom., Sepe v. United States*, ___ U.S. ___, 117 S.Ct. 961, 136 L.Ed.2d 847 (1997).

district court's order. After requesting briefs from the parties regarding jurisdiction, a panel of this court dismissed Lourdes's appeal because the district court's order was not final or otherwise appealable. *See United States v. Gil,* No. 96–4885, slip op. (11th Cir. Nov. 20, 1996) (per curiam). The panel, however, allowed the government's appeal to proceed because 18 U.S.C. § 3731 authorizes government appeals from orders suppressing evidence. *See id.*

## II. DISCUSSION

■ On appeal, the government renews its argument that Lourdes's acquittal on the possession charge does not collaterally estop it from introducing the Clue Spray evidence in its retrial of Lourdes on the conspiracy charge. The doctrine of collateral estoppel precludes relitigation of "an issue of ultimate fact [that] has once been determined by a valid and final judgment." *Shenberg,* 89 F.3d at 1479 (quoting *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)). In order to determine whether the government is collaterally estopped in the context of a retrial, a court must undertake a two-part inquiry. First, the court must examine the verdict and record to see what facts, if any, were necessarily determined by an acquittal at the first trial. *See id.* Second, the court must consider whether the previously determined facts constitute an essential element of the mistried count. *See id.* If such necessarily determined facts do constitute an essential element of the mistried count, then collateral estoppel precludes the government from retrying the mistried count. *See id.* If, however, the previously determined facts do not constitute an ultimate issue regarding the mistried count, the government not only may retry the mistried count· but also may introduce evidence relating to the acquitted count that is relevant to the mistried count and otherwise satisfies the Federal Rules of Evidence. *See id.* at 1479–80. The defendant bears the burden of persuasion as to both prongs of the collateral estoppel inquiry. *See United*

*States v. Brown,* 983 F.2d 201, 202 (11th Cir.1993). We review the district court's application of collateral estoppel *de novo. See Shenberg,* 89 F.3d at 1478.

■ The district court's conclusions with regard to both prongs of the collateral estoppel analysis are troublesome. First, as the district court acknowledged, it is far from clear what facts the jury decided when it acquitted Lourdes on the possession count. Certainly, it is possible that the jury credited Dr. Poupko's testimony regarding the Clue Spray. Under this hypothesis, the jury may have found that Lourdes did not touch and therefore did not actually or constructively possess the cocaine. Alternatively, though, the jury may have believed that Lourdes touched the cocaine without possessing it; or the jury could have accepted Lourdes's assertions that she never intended to distribute the drugs.[4] We will not "speculate" regarding the meaning of the jury's verdict on the possession count, as the government is only estopped from introducing issues that were *"necessarily* determined in a former trial." *Brown,* 983 F.2d at 205 (quoting *United States v. Bennett,* 836 F.2d 1314, 1316 (11th Cir.1988)). Without some further evidence that the jury relied on a determination that Lourdes did not touch the cocaine, Lourdes has not and cannot "demonstrate that the issue whose relitigation [s]he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990).

■ Even if we were to assume *arguendo* that the jury decided that there was reasonable doubt as to whether Lourdes touched the cocaine, we would still hold that collateral estoppel does not preclude the government from introducing the Clue Spray evidence. As Lourdes concedes, "touching" cocaine is not an element of the conspiracy count. Thus, even if the jury found that Lourdes did not touch the cocaine, it did not determine an ultimate issue with regard to the conspiracy

---

4. We presume that the jury followed the district court's instructions concerning the possession count. "While the possibility of jury nullification may influence the strategy of trial lawyers, it

cannot enter into the analysis of courts making collateral estoppel inquiries." *Brown,* 983 F.2d at 203.

**1402**

count, and the government's retrial of Lourdes on the conspiracy count would not constitute double jeopardy. *See United States v. Felix*, 503 U.S. 378, 384–87, 112 S.Ct. 1377, 1382–83, 118 L.Ed.2d 25 (1992). As a result, the government may introduce the Clue spray evidence if it is relevant to the conspiracy count and is otherwise admissible under the Federal Rules of Evidence. *See Dowling*, 493 U.S. at 346, 110 S.Ct. at 672.[5] The collateral estoppel component of the Double Jeopardy Clause does not "exclude in all circumstances ... relevant and probative evidence that is otherwise admissible ... simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Id.* at 348, 110 S.Ct. at 672; *Shenberg*, 89 F.3d at 1461.

### III. CONCLUSION

. The government seeks to introduce Clue Spray evidence in its retrial of Lourdes for conspiracy to possess cocaine with intent to distribute. Lourdes, however, contends that the doctrine of collateral estoppel bars the government from utilizing the Clue Spray evidence because the jury in her first trial determined that she did not touch the cocaine. We hold that the jury in Lourdes's first trial did not necessarily determine whether she touched the cocaine. Moreover, we conclude that, regardless of whether the jury found reasonable doubt as to whether Lourdes touched the cocaine, the government may introduce the Clue Spray evidence because "touching" is not an essential element of the conspiracy charge. Accordingly, we

REVERSE the district court's suppression order and REMAND the case to the district court for further proceedings consistent with this opinion.

---

**5.** In *Dowling*, the Supreme Court considered whether the government could introduce evidence that linked a robbery defendant to a prior robbery for which he had already been acquitted. Despite the prior jury's finding of reasonable doubt as to whether the defendant had committed the earlier robbery, the *Dowling* Court believed that evidence regarding that prior act was relevant to the government's attempt to identify the defendant as the perpetrator of the second crime. *See Dowling*, 493 U.S. at 348–49, 110 S.Ct. at 672. Because the standard for admission of similar act evidence under Federal Rule of Evidence 404(b) (*i.e.*, that a reasonable juror could conclude that the act had occurred and that the defendant was the perpetrator) was lower than the burden of proof that had applied in the defendant's earlier trial for the prior act (*i.e.*, an absence of reasonable doubt), the *Dowling*

Court held that the doctrine of collateral estoppel did not apply: "Because a jury might reasonably conclude that Dowling was the masked man who entered Henry's home, even if it did not believe beyond a reasonable doubt that Dowling committed the crimes charged at the first trial, the collateral-estoppel component of the Double Jeopardy Clause is inapposite." *See id.* at 349–50, 110 S.Ct. at 672. Similarly, assuming that the Clue Spray evidence is otherwise admissible under the Federal Rules of Evidence, a juror might find the Clue Spray evidence to be probative of Lourdes's alleged knowledge of and participation in a conspiracy to possess cocaine with intent to distribute, even if that juror did not believe beyond a reasonable doubt that Lourdes committed the crime of possession of cocaine with intent to distribute.