**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
1/22/99
THOMAS K. KAHN
CLERK

No. 97-5487

D. C. Docket No. 94-578-CR-EBD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,
Cross-Appellant,

versus

FRANK QUINTERO, JR.,

Defendant-Appellant,
Cross-Appellee.

Appeals from the United States District Court
for the Southern District of Florida

(January 22, 1999)

Before TJOFLAT and DUBINA, Circuit Judges, and SMITH*, Senior Circuit Judge.

DUBINA, Circuit Judge:

_____
*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

This is an appeal from an order of the district court denying defendant Frank

Quintero's ("Quintero") motion to dismiss Counts 18(b), 18(c), and 19 of a third

superseding indictment on the basis of collateral estoppel. The government cross-appeals

the district court's order granting in part Quintero's motion to dismiss Counts 18(a), 25,

27, 30, 31, 33, and 34 of the third superseding indictment on the basis of collateral

estoppel. Because the collateral estoppel doctrine implicates the constitutional protection

against double jeopardy, we have jurisdiction to review this interlocutory order under

*Abney v. United States*, 431 U.S. 651, 659 (1977). Having reviewed over 4,000 pages of

trial transcript, jury instructions, and motions, and having the benefit of oral argument and

the parties' briefs,[1] we affirm in part, and vacate in part the order of the district court.

## I. BACKGROUND

A. The Second Superseding Indictment

On December 19, 1995, the government returned a second superseding indictment

charging Quintero and 13 co-defendants with cocaine importation and money laundering

conspiracies extending from November 1989 through March 1995.[2] According to the

second superseding indictment, co-conspirators Mario I. Gonzalez ("Gonzalez"), Mario

Placido Rodriguez ("Rodriguez"), Manny Sanz ("Sanz"), Jesus Llauger ("Llauger"),

Pedro Garcia ("Garcia"), and others organized several large cocaine shipments from

---

[1] In addition to the parties' briefs, we have the benefit of amicus briefs filed on behalf of the National Association of Criminal Defense Lawyers and the Florida Association of Criminal Defense Lawyers. Both organizations support Quintero's position.

[2] Quintero was not charged in the original and first superseding indictments.

Colombia, South America, to Miami, Florida, via boat and air cargo. The indictment charged Quintero, Gonzalez, Gerardo Remy ("Remy"), Luis Sanz ("Luis") and others with forming "front" corporations and opening foreign bank accounts to launder cocaine profits. Most of the defendants pled guilty and were sentenced.[3]

Quintero, an attorney in Dade County, Florida, had represented Gonzalez, Rodriguez, and Sanz in various civil and criminal matters. In the second superseding indictment, the government charged Quintero as follows: cocaine importation conspiracy, in violation of 21 U.S.C. § 963 (Count 2); cocaine possession and distribution conspiracy, in violation of 21 U.S.C. § 846 (Count 3); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 18); and substantive money laundering, in violation of 18 U.S.C. §§ 1956(a)(1) and (2) (Counts 19, 21-26). Quintero proceeded to trial alone. The court provided the jury with a special verdict form which divided the money laundering conspiracy (Count 18) into three separate conspiracies. The jury acquitted Quintero of Counts 3, 18(a), 21, 22, 23, 24, 25, and 26. The jury was unable to reach a verdict as to Counts 2, 18(b), 18(c), and 19.

Following the verdict, Quintero filed a renewed motion for judgment of acquittal. In an order dated March 28, 1997, the district court granted the motion as to Count 2, the remaining drug conspiracy charge, holding that "[n]o reasonable fact finder could conclude from the evidence that Quintero aided the conspiracy." R7-922-4. The district

---

[3] Gonzalez, after learning of the imminent indictment, fled the country and remains a fugitive.

court explicitly based its Count 2 acquittal on a finding that the government had failed to prove Quintero's criminal intent. The district court found that the government failed to provide any evidence from which a jury could find beyond a reasonable doubt that Quintero knowingly participated in the cocaine importation conspiracy. R7-922-8.[4]

B. The Third Superseding Indictment

Thus, only two charges remained pending against Quintero – the remaining subparts of the money laundering conspiracy, Counts 18(b) and (c), and one substantive charge of money laundering, Count 19. The district court set Quintero's retrial for April 9, 1997. The government filed an emergency motion to continue the trial date in order to file an appeal to this court challenging the district court's order acquitting Quintero of Count 2. During the pendency of the appeal, the government filed a third superseding indictment which included the following charges against Quintero: cocaine importation conspiracy, in violation of 21 U.S.C. § 963 (Count 2); money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 18);[5] substantive money laundering under 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts 19, 25, 27, 30, 31, 33, and 34); substantive money laundering under 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Counts 20, 24, 26, 29, 32,

---

[4] The government does not appeal the district court's order granting Quintero's motion for judgment of acquittal on Count 2.

[5] The money laundering conspiracy was divided three ways: (a) a conspiracy to violate § 1956(a)(2)(A)(i); (b) a conspiracy to violate § 1956(a)(2)(B)(i); and (c) a conspiracy to violate § 1957. Count 18(b) of the second superseding indictment became Counts 18(a) and 18(b) of the third superseding indictment.

and 35); and substantive money laundering under 18 U.S.C. §§ 1957 and 2 (Count 28). The government then dismissed its appeal from the district court's judgment of acquittal on Count 2.

Quintero filed a motion to dismiss the third superseding indictment on the basis of double jeopardy, collateral estoppel, multiplicity, failure to state a claim, and denial of due process. The district court entered an order granting in part and denying in part Quintero's motion to dismiss. The district court dismissed Count 2, the cocaine importation conspiracy charge, as a direct violation of the double jeopardy clause. With regard to the third superseding indictment, the district court dismissed Count 28 for failure to state an offense and dismissed Count 20 as multiplicitous. The district court dismissed Counts 23-27 and 29-35, of the third superseding indictment, under the doctrine of collateral estoppel. Thus, the only remaining charges were the original mistried money laundering counts – Counts 18(b) and (c) and Count 19 (of the second superseding indictment). Quintero filed a notice of appeal challenging the district court's order denying his motion to dismiss Counts 18(b), 18(c), and 19 on the basis of collateral estoppel. The government filed a cross-appeal challenging the district court's order dismissing Counts 18(a) (this was a portion of Count 18(b) of the second superseding indictment, which was a charge of conspiring to violate 18 U.S.C. § 1956(a)(2)), 25, 27, 30, 31, 33, and 34 of the third superseding indictment on the basis of collateral estoppel.

## II. ISSUES

5

1.  Whether the district court properly refused to dismiss Counts 18(b), 18(c), and 19 of the third superseding indictment on the basis of collateral estoppel.

2.  Whether the district court properly dismissed Counts 18(a), 25, 27, 30, 31, 33, and 34 of the third superseding indictment on the basis of collateral estoppel.

## III. STANDARD OF REVIEW

The district court's collateral estoppel rulings are subject to *de novo* review by this court. *United States v. Shenberg*, 89 F.3d 1461, 1478 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 961 (1997). The district court's factual determinations underlying its legal conclusions are to be upheld unless clearly erroneous. *Vazquez v. Metropolitan Dade County*, 968 F.2d 1101, 1106 (11th Cir. 1992).

## IV. DISCUSSION

"The doctrine of collateral estoppel is a narrow exception to the Government's right to prosecute a defendant in separate trials for related conduct." *United States v. Brown*, 983 F.2d 201, 202 (11th Cir. 1993). The doctrine applies "when an issue of ultimate fact has once been determined by a valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). When determining whether collateral estoppel applies in the context of a retrial, courts must engage in a two-part inquiry. *See Shenberg*, 89 F.3d at 1479. "First, the Court must decide whether it can ascertain the basis of the acquittal at the first trial." *United States v. Garcia*, 78 F.3d 1517, 1521 (11th Cir. 1996). Second, the

6

court must determine whether the elements of the crime upon which the prior acquittal was based are also essential elements of the crime for which the defendant is to be retried. *See id.* The burden of persuasion is on the defendant at both steps of the inquiry. *See Brown*, 983 F.2d at 202. As we said in *Brown*, "the identity of overlapping elements required for collateral estoppel must extend beyond the legal definition of the elements." 983 F.2d at 204. There must also be such factual identity of elements that "[t]he subsequent verdict of conviction [is] rationally inconsistent with the prior verdict of acquittal." *Id.* (citation omitted).

A. *Counts 18(b), 18(c), and 19*

Quintero contends that the district court erred in denying his motion to dismiss Counts 18(b), 18(c), and 19, because its reliance on *Shenberg*, 89 F.3d 1461, is misplaced. The government agrees that the district court's reliance on *Shenberg* is incorrect, but it maintains that collateral estoppel does not apply to Counts 18(b), 18(c), and 19. According to the government, under the two-pronged collateral estoppel analysis enunciated by this court in *Brown*, it is not barred from retrying Quintero on these counts. We agree with the government.

In reaching its determination that Counts 18(b), 18(c), and 19 were not subject to dismissal, the district court applied its interpretation of *Shenberg* to find that "[n]either the Double Jeopardy Clause nor the collateral estoppel doctrine prevents the Government from retrying a defendant on mistried charges." R9-1036-4. The district court did not conduct a collateral estoppel analysis, but concluded that based on the language of

7

*Shenberg*, collateral estoppel did not bar these counts from being retried. The district court's conclusion was correct, although its understanding of *Shenberg* was somewhat misplaced. *Shenberg* states that "[a]lthough double jeopardy does not bar the government from reprosecuting defendants on mistried counts, estoppel principles may nevertheless apply to preclude the government from relitigating certain issues on retrial." 89 F.3d at 1478. Thus, an analysis under collateral estoppel principles is necessary to determine what facts, if any, were necessarily determined in the acquittal at the first trial such that those issues are not relitigated on retrial. *Brown*, 983 F.2d at 202.

In conducting a collateral estoppel review, we must examine the district court's order granting the judgment of acquittal as to the importation conspiracy and the evidence produced at the first trial. As to the judgment of acquittal on the importation conspiracy, Count 2, the district court found that while the government had established the existence of a conspiracy to import cocaine into the United States, it had failed to show that Quintero knew the essential objectives of the conspiracy and that he voluntarily participated in the importation conspiracy. The district court concluded that "[n]o reasonable factfinder could conclude from the evidence that Quintero aided the [cocaine importation] conspiracy." R7-922-4. The district court's order also indicates that it distinguished the drug importation charge from the money laundering charges and found sufficient evidence to support Counts 18(b), 18(c), and 19. The record supports the district court's findings.

Counts 18(b), 18(c), and 19 stem from the allegation that Quintero and Remy took

$300,000 of Gonzalez's drug money to Switzerland in November 1991 and opened a bank account with it. The government's evidence comes largely from the testimony of Sanz, who said that Gonzalez told him that Quintero and Remy had smuggled $300,000 of Gonzalez's drug money into Switzerland in their underwear and opened a bank account with the money. The government introduced into evidence airline tickets and credit card records which demonstrate that Quintero did travel to Switzerland with Remy. Swiss bank records also show that on that same day, Remy opened a $300,000 account and Quintero signed account documents giving him power of attorney.

In his testimony, Quintero acknowledged traveling to Switzerland; however, he stated that he went with Remy to meet a witness in an unrelated case. When the witness failed to show, he and Remy went to a bank where Remy opened the account. According to Quintero, Remy asked him to sign the power of attorney documents in case something happened to Remy or Gonzalez. Quintero stated that he did not understand the documents because they were in French, but he took Remy's word for the contents of the documents. The only thing Quintero said he knew about the money was that it might have come from a deal Gonzalez had with a South American precious gem seller.

To be convicted of conspiracy to money launder and money laundering under 18 U.S.C. § 1956, a defendant must knowingly enter into a financial transaction with the proceeds of unlawful activity with the intent of concealing or disguising the source or ownership of the proceeds. *United States v. Tokars*, 95 F.3d 1520, 1539 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 1328 (1997) & *sub. nom Mason v. United States*, 117 S.Ct. 1282

9

(1997). Thus, to be guilty of money laundering, Quintero would have to know or believe that the $300,000 was cocaine money.

Nothing in the district court's judgment of acquittal precludes the government, on the basis of collateral estoppel, from retrying Quintero on Counts 18(b), 18(c), and 19. In rejecting Quintero's attack against the money laundering conspiracies and substantive money laundering count on which the jury could not reach a verdict, the district court noted that the language of the two money laundering conspiracy counts was broad enough to encompass multiple acts of which the government accused Quintero, and that the opening of the Swiss bank account alone was sufficient to send the money laundering conspiracy counts to the jury. After summarizing the testimony regarding the Swiss bank account, the district court found that it was reasonable to conclude that the jury found Quintero's explanation regarding the Swiss account unbelievable, that the evidence conclusively established that Gonzalez was a cocaine importer and he and Quintero were very close friends, and that in September 1991, Quintero knew that Gonzalez's stated income did not justify his numerous assets. This is sufficient evidence to support the elements of the money laundering charges. Thus, the district court did not necessarily find any fact in entering its judgment of acquittal as to the importation conspiracy that is an essential element of Counts 18(b), 18(c), or 19.

The results of the jury's verdicts, however, present a more difficult problem. The jury returned four not guilty verdicts: (1) not guilty of conspiracy to possess with intent to distribute cocaine; (2) not guilty of conspiring to violate § 1956(a)(1); (3) not guilty of

10

violating § 1956(a)(1) when Remy transferred $173,302 from Gonzalez's Swiss account to his U.S. trust account on May 14, 1992; and (4) not guilty of violating § 1956(a)(1) from May 19, 1993, through May 26, 1993, when Quintero made five structured deposits, each under $10,000, into his trust and operating accounts taken from $35,000 he received for the sale of his boat to Sanz and Rodriguez. The jury was unable to reach a verdict on four counts: conspiracy to import cocaine; conspiracy to violate § 1956(a)(2); conspiracy to violate § 1957; and the substantive § 1956(a)(1) count involving the deposit of $300,000 in drug proceeds into a Swiss bank account.

The district court found that the jury acquitted Quintero because he did not have the requisite criminal intent. R9-1036. If a lack of intent had been the reason for Quintero's acquittals, though, the jury should also have acquitted him of the substantive money laundering charge (Count 19). It did not. Instead, the jury hung on Count 19. The district court's finding is therefore clearly erroneous. We agree, however, with the district court's ultimate conclusion that collateral estoppel does not apply to counts 18(b), 18(c), and 19.

Since the jury did not acquit Quintero of the substantive money laundering count involving the transportation of the money to Switzerland (Count 19), the jury must have based its acquittal on the § 1956(a)(1) conspiracy charge (Count 18(a)) on the government's failure to prove that Quintero knowingly entered into an agreement to violate § 1956(a)(1) as charged in the second superseding indictment. This is the only logical conclusion which reconciles the jury's acquittal on Count 18(a) with the jury's

11

failure to reach a verdict on Count 19.

The jury instructions also support the conclusion that the jury must have determined that Quintero did not join the § 1956(a)(1) conspiracy. The district court instructed the jury that in order to find Quintero guilty of the § 1956(a)(1) conspiracy, it had to find that two or more persons agreed to violate § 1956(a)(1), that Quintero joined the conspiracy, and that one of the conspirators committed an overt act in furtherance of the conspiracy. Moreover, the district court instructed the jury that mere association with others, mere presence at a transaction, and the discussion of common aims and interests did not necessarily establish a conspiracy. R5-761-13-14. The district court also instructed the jury on the elements of a substantive § 1956(a)(1) violation as part of the § 1956(a)(1) conspiracy instruction. R5-761-17-18.

The district court clearly instructed the jury that a conspiracy to violate § 1956(a)(1) was separate and distinct from the substantive § 1956(a)(1) violations charged in the second superseding indictment. The jury was also instructed that an agreement to violate § 1956(a)(1) was different from an agreement to violate § 1956(a)(2) or § 1957. Thus, the jury had to conclude that Quintero did not agree to participate in the § 1956(a)(1) conspiracy. This conclusion does not bar the government from retrying Quintero on Count 19 because the agreement to violate § 1956(a)(1) is not an "ultimate fact" in Count 19. *See Shenberg*, 89 F.3d at 1479-81. Similarly, an agreement to violate § 1956(a)(1) is not an "ultimate fact" or element of a conspiracy to violate § 1956(a)(2) or § 1957. Therefore, the fact that the jury concluded that Quintero did not conspire to

12

violate § 1956(a)(1) does not bar the government from retrying Quintero on the counts on which the jury failed to agree. Accordingly, collateral estoppel does not apply and the district court properly denied Quintero's motion to dismiss counts 18(b), 18(c), and 19 on this basis.

B. *Counts 18(a), 25, 27, 30, 31, 33, and 34*

The government cross-appeals the portion of the district court's order that grants Quintero's motion to dismiss Count 18(a) (§ 1956(a)(2)(A) money laundering conspiracy), and the substantive money laundering Counts 25 ($24,917 from Swiss bank account used to pay Quintero's June 1, 1992, loan to London Insurance), 27 ($25,000 from Swiss bank account paid to Quintero's personal account), 30, 31, 33 (March 16, May 6, and June 7, 1994, rent payments for Rodriguez), and 34 (July 6, 1994, boat storage fee) of the third superseding indictment on the basis of collateral estoppel.[6] In its order, the district court based its ruling on several findings: (1) the judgment of acquittal on the cocaine importation conspiracy was based on the failure of the government to prove Quintero's knowing participation in the drug conspiracy; (2) the jury must have acquitted Quintero on the money laundering conspiracy because it found he did not intend to participate in a conspiracy; (3) all of Quintero's acquittals "were based on lack of intent to break the law;" and (4) Counts 18(a), 23-27, and 29-35 required the government

---

[6] The government elected not to appeal the dismissal of Count 20 on the basis of multiplicity, the dismissal of Counts 24, 26, 29, 32, and 35 on the basis of collateral estoppel, or the dismissal of Count 28 for failure to state an offense.

13

to prove that Quintero intended to break the law when committing the acts in question. The district court noted that "[s]ince intent to violate the law is an essential element of conviction on Counts 18(a), 23-27, and 29-35, and the acts are the same as those acquitted in the first trial, as in [*United States v. Garcia*,] 78 F.3d 1517 (11th Cir. 1996), the Court finds that collateral estoppel bars the Government from prosecuting Quintero on those charges." R9-1036-4-8.

In analyzing these remaining counts under collateral estoppel principles, we reiterate our previous finding that the district court's determination that the jury necessarily decided that Quintero lacked the criminal intent to break the law when he committed the acts charged in the second superseding indictment is clearly erroneous. If this were true, then carried to its logical conclusion, it would mean that the jury would have had to find Quintero not guilty of all the counts charged. It did not do so. After reviewing the district court's ruling on Quintero's motion for judgment of acquittal and the evidence presented at the trial, we conclude that the jury must have determined that Quintero did not knowingly join in the § 1956(a)(1) conspiracy.

In performing a collateral estoppel review, it is necessary for us to identify the facts and issues of each count. Count 18(a), the conspiracy to violate § 1956(a)(2)(A), was charged in the second superseding indictment as part of Count 18(b). Quintero was not acquitted of this charge. The district court instructed the jury that in order to find Quintero guilty of Count 18(a), the government had to prove that there was an agreement to violate § 1956(a)(2)(A), that Quintero joined in the agreement, and that one of the

14

parties to the agreement committed an overt act described in the indictment in an effort to accomplish an object of the conspiracy. The district court also instructed the jury that in order to prove a violation of § 1956(a)(2)(A), the government had to present evidence showing that monetary instruments were transported from the United States to a place outside the United States, or from a place outside the United States to a place inside the United States; that Quintero knew that the monetary instruments were drug proceeds; and that he willfully conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

Counts 25, 27, 30, 31, 33, and 34 are substantive money laundering counts -- violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Counts 25 and 27 involve disbursements of funds from the Swiss bank account to Quintero on June 17, 1992, and June 26, 1992, respectively. Quintero's bank credited the $24,917 involved in Count 25 to his line of credit from which he had drawn a $25,000 advance on June 1, 1992. Quintero then drafted a check from the line of credit and made the check payable to London Insurance. The bank then deposited $25,000 from the June 26, 1992, disbursement of funds from the Swiss bank account into Quintero's personal account in the U.S.

Counts 30, 31, and 33 involve the payment of Rodriguez's rent on March 16, May 6, and June 7, 1994. The evidence shows that after Rodriguez's arrest on money laundering and narcotics charges, Rodriguez instructed his wife to give cash to Quintero which Quintero, in turn, converted through his trust account to checks with which he paid

15

Rodriguez's rent. After the police searched his office, Quintero stopped paying the Rodriguezes' rent. Quintero testified that he wrote the rent checks, but that he did not know that the cash he deposited into his account was derived from illegal drug activity.

Count 34 involves the July 6, 1994, payment of boat storage fees for Rodriguez. Rodriguez and his wife testified that Mrs. Rodriguez gave Quintero $1,600 in cash and he would then write a check to pay storage fees on Rodriguez's boat. Quintero denied paying any storage fees for the boat and the individual with whom Rodriguez's boat was stored denied that Quintero paid him any money for storage fees.

The government did not charge Counts 25, 27, 30, 31, and 33 as substantive § 1956(a)(1) counts in the second superseding indictment. The government charged these counts as overt acts in support of the § 1956(a)(1) money laundering conspiracy of which the jury acquitted Quintero. The government did not charge Count 34 as an overt act, but testimony concerning Count 34 was admitted at trial. Thus, there was no issue or fact in these added counts which was necessarily decided in Quintero's favor in the first trial.

Although counts 25 and 27 involve money transferred from the Swiss bank account, the acquittal on count 21 (which also involved the money transfer from the Swiss bank account) does not bar the government from retrying Quintero on counts 25 and 27. Quintero argued that he was not involved in the transfer of money from the Swiss bank account to Remy's trust account. The evidence showed that it was Remy, not Quintero, who requested that the money be transferred from the Swiss bank account. But the fact that the government did not prove that Quintero conducted the financial

16

transaction does not preclude it from trying Quintero for the subsequent financial transactions involving deposits from the Swiss account to his personal bank account and using $25,000 to pay off a line of credit. The government presented direct and documentary evidence showing Quintero's involvement with those transactions. Thus, the acquittal on count 21 does not resolve an ultimate issue in counts 25 and 27.

Additionally, the jury's determination that Quintero did not agree to participate in the § 1956(a)(1) conspiracy does not bar the government from trying Quintero on the substantive § 1956(a)(1) offenses charged in counts 25, 27, 30, 31, 33, and 34 of the third superseding indictment because the agreement to violate § 1956(a)(1) is not an ultimate fact in these counts. Similarly, an agreement to violate § 1956(a)(1) is not an ultimate fact or element of a conspiracy to violate § 1956(a)(2)(A). Accordingly, collateral estoppel does not apply to these counts.

Based on our review of the record and our application of collateral estoppel principles, we affirm that part of the district court's order refusing to dismiss Counts 18(b), 18(c), and 19 of the third superseding indictment. However, we vacate that part of the order dismissing Counts 18(a), 25, 27, 30, 31, 33, and 34 of the third superseding indictment and remand this case for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.