UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 99-4001

RICHMOND WALL, III,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Jerome B. Friedman, District Judge.
(CR-98-177-A)

Submitted: September 21, 1999

Decided: October 8, 1999

Before WIDENER, MURNAGHAN, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth M. Robinson, Cameron Robinson-Kourtesis, THE ROBIN-
SON LAW FIRM, Washington, D.C.; William Jackson Garber,
Washington, D.C., for Appellant. Helen F. Fahey, United States
Attorney, Justin W. Williams, Assistant United States Attorney,
Charles P. Rosenberg, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After his first trial ended in a mistrial, Richmond Wall was retried and convicted by a jury of one count of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 (1994). At his first trial, Wall was also acquitted on four substantive charges. On appeal, Wall contends that the district court erred by: (1) allowing evidence concerning the acquitted charges to be admitted at the second trial; (2) allowing evidence of Wall's drug use; and (3) improperly determining the amount of drugs attributed to Wall for sentencing purposes. Finding no reversible error, we affirm.

We find that the admission of evidence from the prior trial was not barred by the doctrine of collateral estoppel because the prior acquittals "did not determine an ultimate issue in the present case." Dowling v. United States, 493 U.S. 342, 348 (1990); see also Gil v. United States, 142 F.3d 1398, 1401-02 (11th Cir. 1998); United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir. 1997). We also find that the district did not abuse its discretion by admitting evidence of Wall's drug use. Such evidence was relevant to Wall's motive to engage in a drug conspiracy and the nature of the relationships among the conspirators. See United States v. Boyd, 53 F.3d 631, 647 (4th Cir. 1995).

Furthermore, we find that the district court did not clearly err in determining the amount of heroin attributable to Wall for sentencing purposes. See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The district court properly considered the evidence at trial and the statements made to the probation officer. We also find that Wall's contention that the court denied him the opportunity at sentencing to cross-examine witnesses is without merit.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-

2

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3