**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4053

ALEX WILLIAM JACKSON, a/k/a Big
D, a/k/a Big Dubbie,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James C. Turk, District Judge.
(CR-97-82)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Boatwright, III, BOATWRIGHT & LINKA, Richmond, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After his first trial ended in a mistrial, Alex William Jackson was retried and convicted by a jury of conspiracy to distribute crack cocaine in violation of 21 U.S.C.A. § 846 (West 1999). During his first trial, Jackson was also acquitted on a charge of distribution of crack cocaine. On appeal, he argues that the district court committed reversible error in allowing evidence concerning the acquitted charge to be admitted during his second trial. Finding no reversible error, we affirm.

We find that the admission of evidence of an alleged drug transaction from the prior trial was not barred by the guarantee against double jeopardy or the doctrine of collateral estoppel, because the acquittal on the distribution charge "did not determine an ultimate issue in the present case." Dowling v. United States, 493 U.S. 342, 348 (1990); see United States v. Felix, 503 U.S. 378, 390-91 (1992) (conspiracy and substantive crime present no double jeopardy problem); United States v. Banks, 10 F.3d 1044, 1050 (4th Cir. 1993) (defendant's prior convictions on substantive counts did not bar, as violating Double Jeopardy Clause, prosecution on conspiracy charge which had as its overt acts conduct which formed basis for prior convictions). Rather, the evidence of Jackson's drug dealing activities was relevant to show his voluntary participation in an agreement to violate federal drug laws. Therefore, the evidence was properly admissible in Jackson's conspiracy trial despite his prior acquittal on the distribution charge. See Gil v. United States, 142 F.3d 1398, 1401-02 (11th Cir. 1998) (upholding admission of evidence of distribution in conspiracy trial where defendant previously acquitted on distribution charge).

Finding no error in the admission of the evidence, we affirm Jackson's conspiracy conviction. We dispense with oral argument because

2

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3