[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 02, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-13179
Non-Argument Calendar

_____

D. C. Docket No. 07-00412-CR-18-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT RICHARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 2, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Richards appeals his convictions for conspiracy to launder money,

18 U.S.C. § 1956(h), and laundering money, id. §§ 2, 1956(a)(2)(A).  Richards

challenges the sufficiency of the evidence supporting his convictions.  We affirm.

## I. BACKGROUND

Richards and 21 other individuals were charged in an eleven count

indictment for money laundering and drug crimes.  Richards was indicted for three

crimes: conspiracy to possess with intent to distribute at least 5 kilograms of

cocaine between April 2007 and December 6, 2007, 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(ii)(II), 846; conspiracy to launder money, id. § 841, 846; 18 U.S.C. §

1956(h); and laundering money, id. §§ 2, 1956(a)(2)(A); 21 U.S.C. § 841, 846.

Richards entered a blind plea of guilty to conspiring to distribute cocaine, and he

waived his right to a trial by jury for the money laundering charges.

Before trial, the parties submitted a stipulation of facts.  Richards admitted

that between August 2007 and December 2007 he had worked as a truck driver for

Troy Palmer, the owner of Palmer Trucking.  Richards also admitted that he had

transported cocaine and money that "consist[ed] of drug proceeds and a fee for

transporting the cocaine."  Richards knew that Palmer had transported the cocaine

for Ramiro Campuzano-Velasco, the "leader of the Atlanta cell of a drug

trafficking organization," and the cocaine was supplied by "Ramon Madrigal-

Moreno in Mexico."  Although "Richards did not have any direct contact with"

2

Madrigal, Richards knew that Palmer talked to Madrigal "through a cell phone, to which a Mexican telephone number was assigned."

Richards admitted that he had transported cocaine to Atlanta, Georgia, on three occasions. During the first trip, Richards obtained 60 kilograms of cocaine from an "unknown Hispanic male in Colton, southern California," delivered it to an "Hispanic male in a Wal-Mart parking lot" in Atlanta, Georgia, and received $48,000 from "another Hispanic male" to transport to California. During the second trip, Richards obtained 60 kilograms of cocaine "once again from an unknown Hispanic male(s) in Colton, California," delivered the cocaine to Rigoberto Sanchez . . . in a Costco parking lot" in Atlanta, and received two deliveries of $50,000 and $351,050. En route to California, federal agents stopped Richards and seized the $351,050, but the agents did not arrest Richards. Richards obtained a receipt for the money that he delivered to "unknown Hispanic males in southern California." During the third trip, Richards obtained 120 kilograms of cocaine "from Hispanic males in the Dallas, Texas area," delivered the cocaine to Sanchez in Atlanta, and Sanchez gave Richards money to transport to California.

At trial, Palmer testified that he had transported drugs to Atlanta and drug proceeds to Sacramento and Los Angeles and he deduced that the proceeds were destined for Mexico. Palmer explained that Chuey superintended how the

proceeds were handled and, during one conversation, Chuey pressured Palmer to rush his delivery so Chuey could travel to Tijuana, Mexico. Palmer stated that the drug proceeds seized from Richards's truck were supposed to be delivered to Mexico, but Palmer did not discuss the final destination with Richards. Palmer testified that Madrigal was upset that "the money was taken."

After the government rested, Richards argued that the government failed to prove he laundered or conspired to launder money. Richards argued that the district court had to assume he knew the money was delivered to Mexico based on circumstantial evidence that the proceeds were delivered to Hispanic men, the cocaine came from Mexico, and the dropoff points were near the Mexican border. Richards also argued that he did not know about or join a conspiracy to deliver money to Mexico.

The district court found Richards guilty of conspiracy to launder money and of laundering money. 18 U.S.C. §§ 1956(a)(2)(A), (h). The district court found the circumstantial evidence proved that the proceeds were destined for Mexico. The court ruled that Richards did not have to know the final destination of the proceeds either to aid and abet in laundering money or to conspire to launder. The district court sentenced Richards to 240 months of imprisonment for his drug crime, a concurrent term of 121 months of imprisonment for his money laundering

crimes, and ten years of supervised release.

## II. STANDARD OF REVIEW

We review <u>de novo</u> the denial of a judgment of acquittal. <u>United States v. Browne</u>, 505 F.3d 1229, 1253 (11th Cir. 2007). In a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the government. <u>Id.</u> An argument not presented to the district court is reviewed for plain error. <u>See</u> <u>United States v. Hunerlach</u>, 197 F.3d 1059, 1068 (11th Cir. 1999).

## III. DISCUSSION

Richards argues there is insufficient evidence to support his convictions for conspiracy to launder and laundering money. Richards argues there is no evidence he knew either that the drug proceeds were destined for Mexico or the objective of the conspiracy was to launder money. Richards also argues for the first time on appeal that his actions did not promote trafficking in cocaine. These arguments fail.

Ample evidence supports Richards's convictions. Richards joined the conspiracy at Palmer's invitation and he knowingly transported proceeds of cocaine sales in a manner intended to avoid the detection of law enforcement. <u>See</u> 18 U.S.C. §§ 1956(h); <u>United States v. Quintero</u>, 165 F.3d 831, 838 (11th Cir.

5

1999). Richards promoted trafficking in cocaine by transporting the drug proceeds, which, in turn, aided and abetted his coconspirators in delivering the money to Mexico. See 18 U.S.C. §§ 2, 1956(a)(2)(A). Richards did not have to know the ultimate destination of the money. Based on evidence that Richards knew the cocaine was imported from Mexico and he accepted the money from Hispanic men, it was nevertheless foreseeable that the money would be delivered to Mexico. See United States v. Silvestri, 409 F.3d 1311, 1335 (11th Cir. 2005). The district court did not err by denying Richards's motion for a judgment of acquittal.

## IV. CONCLUSION

Richards's convictions for conspiring to launder and laundering cocaine are **AFFIRMED**.