UNITED STATES of America, Plaintiff–Appellee,

v.

Brian P. KALEY, Defendant–Appellant.

No. 15–12695.

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 25, 2016.

---

John C. Shipley, Assistant U.S. Attorney, Jerrob Duffy, Wifredo A. Ferrer, Alison Whitney Lehr, Emily M. Smachetti, Thomas Austin Watts–Fitzgerald, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Howard M. Srebnick, Black Srebnick Kornspan & Stumpf, PA, Miami, FL, for Defendant–Appellant.

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Kaley was tried before a jury on charges of interstate transportation of stolen property and conspiracy to transport stolen property interstate (Counts 1–6), money laundering conspiracy (Count 7), and obstruction of justice (Count 8). The charges were based on Brian Kaley's alleged involvement in a conspiracy to sell stolen prescription medical devices. The government alleged that Kaley's wife, Kerri—a former sales representative and sales representative supervisor of Ethicon Endo Surgery—and other salespeople working at her request took valuable prescription medical devices—that they had oversupplied to New York hospitals. They then took the devices to the Kaley home in New York, where Kaley and Kerri prepared shipments to a contact in Florida to resell. Kaley assisted in the packing and shipping, and managed the large amount of incoming profits through accounts belonging to his construction businesses—alleged straw companies. Kaley argued that the goods were not stolen, but were in fact given away by hospitals to Kerri and her colleagues. Alternatively, he argued, even if the devices were deemed stolen, he had no knowledge of the stolen nature of the goods.

Kaley was acquitted of Counts 7 and 8, and the jury could not reach a verdict on Counts 1 through 6. Kaley then moved to dismiss Counts 1 through 6 on collateral estoppel grounds. Specifically, Kaley argued that retrial was not permitted under the doctrine of collateral estoppel because (1) his acquittal on the money laundering conspiracy charge was necessarily based on the jury having found that he did not know the devices in question were stolen from the hospitals; and (2) knowledge that the devices were stolen is an essential element of the first six counts of his indictment. The district court denied the motion, and Kaley filed this interlocutory appeal.

I

We review de novo a district court's ruling on a collateral estoppel claim. *See United States v. Quintero*, 165 F.3d 831, 834 (11th Cir.1999).

The doctrine of collateral estoppel applies to criminal proceedings and "is embodied in the Fifth Amendment guarantee against double jeopardy." *Ashe v. Swenson*, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 1194–95, 25 L.Ed.2d 469 (1970). Under the doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again

be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. The relevant collateral estoppel analysis has two steps: "First, courts must examine the verdict and the record to see what facts, if any, were necessarily determined in the acquittal at the first trial. Second, the court must determine whether the previously determined facts constituted an essential element of the second offense." *United States v. Ohayon,* 483 F.3d 1281, 1286 (11th Cir.2007) (citation and internal quotation marks omitted).

In undertaking such a review in the criminal context, we must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194 (internal quotation marks omitted). "The burden is on the defendant to prove by convincing and competent evidence that in the earlier trial, it was necessary to determine the fact sought to be foreclosed." *United States v. Hogue,* 812 F.2d 1568, 1578 (11th Cir.1987).

## II

The district court correctly denied Kaley's motion to dismiss Counts 1 through 6 because Kaley did not meet his burden of showing by convincing and competent evidence that the jury necessarily determined that Kaley did not know the devices were stolen. *See id.*

Kaley argues that the jury necessarily decided that Kaley did not know the devices were stolen when it acquitted him of money laundering. Because Kaley's knowledge of the stolen nature of the goods is an overlapping essential element of the transportation of stolen goods charge, collateral estoppel should apply and foreclose a second trial on that charge.

A money laundering conspiracy charge requires the Government to show, in relevant part, that a defendant conspired to conduct "a financial transaction which in fact involves the proceeds of specified unlawful activity," "knowing that the transaction is designed in whole or in part[ ] to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a); *see id.* § 1956(h). The jury could have acquitted Kaley of the money laundering count on a number of grounds that would not require a determination of whether Kaley knew the devices were stolen.

At trial, the parties hotly contested the scienter element of the money laundering charge requiring that Kaley knowingly concealed the proceeds of the unlawful device sales. *See id.* § 1956(a). If the jury decided that the funds were not meant to be concealed, it would have to acquit Kaley without needing to make any finding regarding knowledge of the stolen nature of the devices. Although some details in the testimony supported a finding that Kaley engaged in financial transactions to knowingly conceal the nature, source, or ownership of the sales proceeds, other details supported an opposite finding of no such knowledge. As the defense pointed out at trial, some of the Kaleys' behavior indicated that they made no attempt to conceal the flow of proceeds: the Florida reseller who purchased the devices from the Kaleys provided them invoices bearing Kerri's name with each payment; the Kaleys spoke with their accountant about the fact that the only funds going into their "construction" businesses were from the sale of medical devices; the Kaleys used their home address for their construction businesses and named themselves as officers of

those businesses; and the Kaleys paid the sales representatives involved and some personal bills by check from the funds of those businesses.

Because the jury was not asked any specific questions or instructed to make any specific findings regarding the elements of each charge, we have no direct evidence regarding the basis of the jury's decision to acquit Kaley of the money laundering charge. Thus, the jury could have decided the money laundering charge on facts that do not implicate any overlapping elements of the transportation of stolen goods charges. *See* 18 U.S.C. § 2314 (no knowledge of concealment required for charge brought against Kaley). Although the jury possibly found that Kaley did not know the devices were stolen, *see United States v. Boldin*, 818 F.2d 771, 775 (11th Cir.1987); "it is far from clear what facts the jury decided when it acquitted [Kaley]," and "[w]e will not speculate" as to the verdict's meaning, *see United States v. Gil*, 142 F.3d 1398, 1401 (11th Cir.1998). We decline to employ collateral estoppel in the face of such uncertainty. *See United States v. Bennett*, 836 F.2d 1314, 1316 (11th Cir.1988) ("If . . . the jury could have based its verdict on something other than the issue to be barred, then collateral estoppel would not apply.").[1]

### III

Because Kaley is unable to carry his burden of showing that the jury necessarily concluded he did not know the devices were stolen, his claim fails. *See Hogue,*

---

1. Kaley also argues that as a matter of law, the jury necessarily had to acquit Kaley of money laundering conspiracy because the Government's evidence regarding Kaley's knowledge of the stolen nature of the devices was constitutionally insufficient. But it is well settled that the insufficiency of just one essential element of a crime is enough to require an acquittal. *Cf. United States v. Med-*

812 F.2d at 1578. As the district court noted, we "cannot determine with any precision the basis for the jury's [acquittal]," and we cannot engage in guesswork to determine on which grounds the jury ultimately decided the issues in Kaley's trial. *Cf. Yeager v. United States*, 557 U.S. 110, 122, 129 S.Ct. 2360, 2368, 174 L.Ed.2d 78 (2009) ("Courts properly avoid . . . explorations into the jury's sovereign space."). Therefore, we affirm.

**AFFIRMED.**

*ina,* 485 F.3d 1291, 1300 (11th Cir.2007) ("[I]t is the government's burden to prove every element of the charged offense beyond a reasonable doubt.") As noted, *supra,* we do not know on which element the jury rested and therefore cannot assume that it rested on, let alone decided, that Kaley knew the stolen nature of the devices.