**UNITED STATES of America, Plaintiff– Appellee Cross–Appellant,**

**v.**

**Robert BENNETT, Defendant–Appellant, Cross–Appellee.**

**No. 87–3055.**

United States Court of Appeals, Eleventh Circuit.

Feb. 4, 1988.

William J. Sheppard, Elizabeth L. White, Jacksonville, Fla., for defendant-appellant, cross-appellee.

Robert S. Yerkes, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee, cross-appellant.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

In connection with the seizure of numerous bags of cocaine brought into Florida from Colombia, Robert Bennett was charged with two conspiracy counts and two substantive counts:

1) conspiracy to import cocaine, 21 U.S.C. § 963;

2) conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846;

3) importation of cocaine, 21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(1)(A), and 18 U.S.C.A. § 2; and

4) possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A), and 18 U.S.C. § 2.

Bennett was the owner and operator of the Lake City Municipal Airport where a plane with cocaine cargo landed on November 14, 1984. His defense at trial was that, although the plane landed at his airport, he was unaware that it was carrying cocaine. Bennett claimed that he was neither active in the cocaine smuggling nor a member of the conspiracy to import or to possess for distribution. The jury returned a verdict of not guilty as to counts 1 and 3 (conspiracy to import and importation), but was unable to reach verdicts as to the distribution charges and a mistrial was declared for counts 2 and 4 (conspiracy to possess for distribution and possession).

Prior to the retrial on counts 2 and 4, the court granted Bennett's motion to prohibit the introduction of evidence relating to counts 1 and 3 on grounds of collateral estoppel. The court, however, denied Bennett's motion to dismiss counts 2 and 4 on grounds of collateral estoppel. As this case reaches us, Bennett is appealing the denial of the motion to dismiss the two counts concerning possession with the intent to distribute, and the government is cross-appealing the grant of the motion to prohibit evidence of the importation scheme. We consider each issue in turn.

I. Denial of the Motion To Dismiss Counts 2 and 4

*Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), extended Fifth Amendment protection against double jeopardy to collateral estoppel claims. The Supreme Court held that an issue of ultimate fact determined by a valid and final judgment could not be relitigated. *Id.* at 443, 90 S.Ct. at 1194. The test supplied by *Ashe*

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-        tion.

is "whether a rational jury ·could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 444, 90 S.Ct. at 1194.

■ This protection from relitigation has been interpreted in the Eleventh Circuit as 1) barring prosecution or argumentation of facts *necessarily* established by an earlier final judgment; or 2) completely barring prosecution if a fact *necessarily* determined in a former trial is an essential element of a conviction. *United States v. DeMarco,* 791 F.2d 833, 836 (11th Cir.1986). To bar prosecution, a finding of fact must be inconsistent with a finding of guilt in a second trial. *United States v. Hewitt,* 663 F.2d 1381, 1387 (11th Cir.1981). If, however, the jury could have based its verdict on something other than the issue to be barred, then collateral estoppel would not apply. *United States v. Mulherin,* 710 F.2d 731, 740 (11th Cir.1983), *cert. denied,* 464 U.S. 964, 104 S.Ct. 402, 78 L.Ed.2d 343 (1983), 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 703 (1984). This determination requires a practical and realistic assessment of what makes the jury verdict coherent. *Id.; United States v. Whitaker,* 702 F.2d 901, 905 (11th Cir.1983).

In this case, the issue in broad terms is whether innocence for the first part of the drug scheme (importation) necessarily carries over to innocence on the second part of the drug scheme (possession for distribution). Based on the record before this Court, we must make an independent assessment of the separation between the two conspiracies as far as Bennett's involvement. *United States v. Loyd,* 743 F.2d 1555 (11th Cir.1984).

■ Bennett contends that the importation and distribution conspiracies were so linked that the issues necessarily decided by the jury's acquittal completely overlap with the issues of the counts to be retried. He presents three arguments for his collateral estoppel claim.

First, Bennett argues that the entire case against him depends only on the overall credibility of the government witnesses. Thus, Bennett asserts that the counts on which he was acquitted show that the jury determined the credibility of the government witnesses in his favor and that innocence with regard to the importation scheme necessarily implies innocence with regard to the distribution scheme. However, by arguing that the issue of collateral estoppel turns on a wholesale rejection of the credibility of witnesses, Bennett makes an overbroad assumption. Inherent in the split verdict is the possibility and even likelihood that the jury accepted some and rejected some of the government witness testimony.

Second, Bennett emphasizes that the importation and distribution conspiracies were presented at trial as one and the same conspiracy. Testimony regarding the importation conspiracy came from the same sources as testimony regarding the distribution conspiracy. It appears that conspiratorial discussions that planned the importation were also conspiratorial discussions that planned the distribution. Bennett argues that, on a practical level, a jury decision on the importation scheme had to overlap with the distribution scheme. By contrast, the district judge found that

> [w]hile Bennett argues that the jury could not have engaged in this sort of sifting of evidence because the government relied on a non-divisible set of evidence to prove both importation and possession (i.e., the testimony of accomplice witnesses) in this court's opinion, a careful review of the trial transcript belies this assertion.

This "sifting" alternative is plausible and even likely given the split verdict.

Third, Bennett claims that the overlap is complete because he offered only one defense: He had not been involved in any part of the conspiracy and the witnesses lied to protect the actual co-conspirators. Bennett argues that if with regard to the importation counts the jury bought the only defense he presented, then the jury must have bought the defense with regard to the distribution counts. We have already found as the trial judge did that the jury could have believed selective portions of the witness testimony. The only other

basis that would give this argument merit would be a finding that the conspiracies were one and the same. This premise is not necessarily true.

On its face, the jury verdict bespeaks a distinction between the two conspiracies. The trial judge charged the jury on two conspiracies, and the very fact that the jury did not acquit Bennett on all four counts and instead disagreed on two of the counts implies that at least some members of the jury did not interpret the conspiracies as one. Because the split jury verdict would cohere on the basis that the jury bought Bennett's defense for the one conspiracy but not for the other, we conclude that the jury did not necessarily decide Bennett's involvement in the distribution scheme.[1] Therefore, we agree with the trial court that the doctrine of collateral estoppel will not bar retrial on counts 2 and 4.

## II. Grant of the Motion To Exclude Evidence on Counts 1 and 3

■ The district court's ruling on Bennett's motion to exclude evidence came in two parts. First, the district court chose not to bar upon retrial of counts 2 and 4 testimony from government witnesses "because this Court does not believe that the jury necessarily found that the government's witnesses were completely untruthful." Second, the court chose to bar evidence and testimony "relating to Bennett's involvement in a scheme to import cocaine into the Lake City Airport. By acquitting Bennett of the counts charging importation, the jury necessarily found that Bennett was not involved in the importation of cocaine."

As to the first part, the testimony of government witnesses that Bennett conspired to import or imported the cocaine seems necessarily discredited given the jury's verdict of acquittal. However, be-

cause the inability of the jury to reach a verdict as to counts 2 and 4 makes it evident that the jury did not reject the witnesses' credibility wholesale, those witnesses who testified about the importation scheme may testify as to facts about the distribution scheme. *Cf. United States v. Kalish,* 690 F.2d 1144 (5th Cir.1982), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983).

As to the second part, collateral estoppel bars "the reintroduction or relitigation of *facts* already established against the government." *United States v. Mock,* 604 F.2d 341, 343 (5th Cir.1979). The relevant question is " 'What facts were necessarily determined in the first law suit?' " *Whitaker,* 702 F.2d at 903 (quoting *Ashe* ).

The clear import of the jury's failure to resolve the distribution counts is that the jury did not reject evidence on the distribution counts. Thus, facts relating to the distribution scheme were not necessarily determined in the first law suit. We recognize that some of the evidence on the possession for distribution counts is inextricably tied to evidence on the importation counts. However, any evidence that concerned distribution that was not rejected by the jury, even if that evidence is also related to the importation counts, is admissible for the retrial on counts 2 and 4. The trial judge must make clear to the jury that such evidence should only be considered as relating to the distribution aspects of the case.

## III. Conclusion

Acquittal on the importation counts did not necessarily decide innocence on the distribution counts. Evidence at retrial may include evidence not necessarily determined by acquittal of the importation counts if it is introduced for the purpose of proving Bennett's involvement in the conspiracy to

---

1. Additionally, Bennett has not met his burden of proof in this case. *United States v. Giarratano,* 622 F.2d 153, 156 n. 4 (5th Cir.1980), made clear that the defendant must precisely define those factual issues that were necessarily decided in the prior trial. *United States v. Mock,* 640 F.2d 629, 631 n. 1 (5th Cir. Unit B Mar. 1981).

Bennett has not been precise about the issues that would bar retrial in this case. Instead he has argued the lack of credible witnesses, the manner in which evidence was presented, and the assertion of but one defense as proxies for the specific issues necessarily decided.

possess for distribution and the possession for distribution counts only.

The judgment of the district court denying Bennett's motion to dismiss counts 2 and 4 is AFFIRMED. The case is REMANDED for trial on counts 2 and 4 in accordance with this opinion.