United States Court of Appeals,

Eleventh Circuit.

No. 95-3126.

UNITED STATES of America, Plaintiff-Appellee,

v.

Miguel Angel RIVERA, a/k/a Swan, a/k/a Gambit, Defendant-Appellant.

March 20, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-14-CR-FtM-24D), Ralph W. Nimmons, Jr., Judge.

Before ANDERSON and BLACK, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Appellant Miguel Rivera challenges the district court's denial of his motion to dismiss the indictment on grounds of double jeopardy and collateral estoppel. We affirm.

## I. BACKGROUND

Appellant was indicted on one count of possessing a firearm as a felon[1] in violation of 18 U.S.C. § 922(g)(1). Appellant is the alleged leader of the "Latin Kings" gang in Ft. Myers. On August 12, 1994, Appellant accompanied Jose Gonzalez, a member of the Latin Kings, to a pawn shop where Gonzalez purchased a Winchester 12-gauge shotgun. On February 5, 1995, Fort Myers police, investigating another matter, arrived at Appellant's residence. Upon consent to search the premises, the police found and seized the shotgun located in Appellant's bedroom.

---

[1]In October 1993, Appellant was convicted of vehicular invasion under Illinois law, a crime punishable by up to 15 years' imprisonment.

The original indictment, filed April 12, 1995, charged Appellant with one count of possession "[o]n or about February 5, 1995." A superseding indictment was filed on May 30, 1995, charging Appellant with one count of possession "[o]n or about August 12, 1994 and February 5, 1995." Appellant proceeded to trial on June 5, 1995. At trial, the Government introduced evidence attempting to prove that Appellant was the true party in control and possession of the weapon on August 12, 1994, as well as February 5, 1995. The Government also introduced evidence that Appellant possessed the weapon at various times in the interim.

Upon submission to the jury, the district court utilized a special verdict form dividing the indictment into two "charges," one charging possession on August 12, 1994, and one charging possession on February 5, 1995. The jury was instructed that it could not find Appellant guilty unless it found Appellant possessed the firearm on or about August 12, 1994, or February 5, 1995. Further, the district court instructed the jury that any verdict, guilty or not guilty, must be unanimous, and that unanimity applied to both charges.[2]

The jury was unable to reach a verdict as to the August 12, 1994, possession, but reached a verdict of not guilty as to the February 5, 1995, possession. The district court declared a

---

[2]Although the verdict form referred to the "charge" of possession on each of these two dates and asked whether Appellant was "guilty" or "not guilty" of each "charge," the jury was not being asked to determine Appellant's guilt on two separate *counts* of possession of a firearm by a convicted felon. Instead, the jury was asked whether the Government had demonstrated, beyond a reasonable doubt, that Appellant had possessed the shotgun on one or both dates.

mistrial as to the August 12, 1994, possession.  Appellant moved to dismiss the indictment on grounds of collateral estoppel and double jeopardy.  The district court denied Appellant's motion, and Appellant timely appealed.

## II. STANDARD OF REVIEW

A motion to dismiss based upon double jeopardy grounds is a question of law subject to *de novo* review.  *United States v. Nyhuis,* 8 F.3d 731, 734 (11th Cir.1993) (quoting *United States v. Benefield,* 874 F.2d 1503, 1505 (11th Cir.1989)), *cert. denied,* --- U.S. ----, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994).

## III. DISCUSSION

Appellant makes two arguments on appeal:  (1) double jeopardy or collateral estoppel bars his retrial as to the August 12, 1994, possession;  and (2) if retrial is permissible, collateral estoppel would preclude the introduction of any evidence introduced at the first trial.

A. *Retrial.*

"The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense."  *Department of Revenue of Montana v. Kurth Ranch,* --- U.S. ----, ----, 114 S.Ct. 1937, 1941 n. 1, 128 L.Ed.2d 767 (1994) (citation omitted).  Appellant has not been convicted, nor has punishment been imposed.  Therefore, the issue is whether retrial of the August 12, 1994, possession would constitute a "second prosecution for the same offense after acquittal."

Appellant contends that he has been charged with a continuous and uninterrupted possession of the same weapon and that a finding of not guilty as to the February 5, 1995, date constitutes a finding of not guilty as to the continuing offense. We agree that generally, possession "is a course of conduct; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." *United States v. Jones,* 533 F.2d 1387, 1391 (6th Cir.1976), *cert. denied,* 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977); *see also United States v. Horodner,* 993 F.2d 191, 193 (9th Cir.1993) (finding the possession in that case to be "one uninterrupted course of conduct," and therefore one conviction was appropriate). Where there is no proof that possession of the same weapon is interrupted, the Government may not arbitrarily carve a possession into separate offenses. *See Jones,* 533 F.2d at 1391. Such a rule, however, does not compel the result argued by Appellant.

Although the indictment charges two dates of possession in the conjunctive, the Government is not required to prove possession on both dates to establish a violation of 18 U.S.C. § 922(g)(1).

> The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged.

*Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970) (citations omitted); *see also United States v. Griffin,* 705 F.2d 434, 436 (11th Cir.1983) (citing *United States v. Haymes,* 610 F.2d 309, 310-11 (5th Cir.1980)); *United States v. England,* 480 F.2d 1266, 1269 (5th Cir.) ("[T]he Government need not

prove all facts charged in the indictment as long as it proves other facts charged in the indictment which do satisfy the essential elements of the crime."), *cert. denied,* 414 U.S. 1041, 94 S.Ct. 543, 38 L.Ed.2d 332 (1973).[3] Proof of possession of a firearm as a convicted felon on one day within an alleged continuous possession is sufficient to support a conviction.

The protection of the Double Jeopardy Clause "applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984) (citations omitted). Appellant has been found "not guilty" as to one of the dates charged. The jury's finding that the defendant was "not guilty" of the "charge" of possessing the shotgun on February 5, 1995, was merely a finding that the Government had not demonstrated possession on this date beyond a reasonable doubt. This does not, however, constitute an acquittal of the charged possession as a whole because proof of possession on February 5, 1995, is not necessary to support a conviction for the charged offense. When the jury deadlocked as to the August 12, 1994, date, and the district court declared a mistrial, jeopardy did not fully terminate. Therefore, the Double Jeopardy Clause does not bar a second prosecution as to the alleged August 12, 1994, possession. *See Id.* at 325-26, 104 S.Ct. at 3086 (declaration of mistrial following hung jury does not terminate the original jeopardy).

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Collateral estoppel also does not bar a second prosecution in this case. Collateral estoppel will completely bar prosecution "if a fact necessarily determined in a former trial is an essential element of a conviction." *United States v. Bennett,* 836 F.2d 1314, 1316 (11th Cir.) (emphasis omitted) (citation omitted), *cert. denied,* 487 U.S. 1205, 108 S.Ct. 2847, 101 L.Ed.2d 884 (1988). The "finding of fact must be inconsistent with a finding of guilt in a second trial." *Id.* (citing *United States v. Hewitt,* 663 F.2d 1381, 1387 (11th Cir.1981)). Possession on February 5, 1995, is not a required element of a conviction supported by possession on August 12, 1994. Nor is a finding of not guilty for February 5, 1995, inconsistent with a finding of guilt of possession on August 12, 1994. Therefore, collateral estoppel does not bar a second trial as to the August 12, 1994, date.

Finally, Appellant contends that the conjunctive indictment was so duplicitous as to violate the Fifth Amendment. Appellant cannot have it both ways. We agree that the possession as charged was a continuous course of conduct. It was therefore appropriate, and indeed, necessary, that the acts be charged in one count.[4] To charge the separate dates in separate counts would result in a multiplicitous indictment, creating the risk of multiple convictions and punishments for a single offense in violation of the Double Jeopardy Clause. Further, it was proper to charge the separate dates in the conjunctive because it served to fully notify

---

[4]We note that, in any case, Appellant has waived this challenge on appeal by failing to object on this ground prior to trial. *See* Fed.R.Crim.P. 12(b), (f).

Appellant of the charge against him.[5]

B. *Preclusion of Evidence.*

Appellant contends that the doctrine of collateral estoppel would preclude the introduction in a second trial of any evidence introduced in the first trial. The doctrine of collateral estoppel does not go so far. This principle does not bar introduction of all evidence, but merely the prosecution or argumentation of facts necessarily established by an earlier final judgment. *Bennett,* 836 F.2d at 1316. The district court held that collateral estoppel would protect Appellant from retrial on the basis of the February 5, 1995, possession and reserved the question of whether the Government would necessarily be precluded from offering evidence of that possession under Fed.R.Evid. 404(b) in a second trial for the August 12, 1994, possession. While it was appropriate for the district court to reserve this question, because it is not clear what evidence the Government may seek to introduce, we note that it is difficult to imagine what relevance, if any, evidence of possession on February 5, 1995, has to the August 12, 1994, possession. Moreover, even if relevant, it is questionable whether the probative value of such evidence would not be substantially outweighed by unfair prejudice under Fed.R.Evid. 403.

IV. CONCLUSION

For the foregoing reasons, we hold: (1) the Government is not barred by double jeopardy or collaterally estopped from

---

[5]*See, e.g., United States v. McGinnis,* 783 F.2d 755, 757 (8th Cir.1986) (federal pleading requires charging in the conjunctive in order to fully inform the accused of the charges).

reprosecuting Appellant for the August 12, 1994, possession, and (2) collateral estoppel does not preclude the introduction of all evidence from the first trial in a subsequent trial.

AFFIRMED.