[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-2054

UNITED STATES,

Appellee,

v.

ANTHONY S. DESTEFANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Stahl and Lipez,
Circuit Judges.

Walter F. McKee and Lipman & Katz, P.A. on brief for
appellant.
Jay P. McCloskey, United States Attorney, and F. Mark Terison,
Senior Litigation Counsel, on Motion to Vacate and Remand to the
District Court, for appellee.

NOVEMBER 22, 1999

Per Curiam. In this direct criminal appeal, the
appellant, who was convicted of two counts of being a felon in
possession of a firearm in violation of 18 U.S.C. 922(g) and
924(a)(2), contends that the counts in question were
multiplicitous and that the district court plainly erred when
it entered judgment on and sentenced him for both counts of
conviction. The appellant also asserts that the district court
plainly erred when it directed the probation officer to
establish a payment schedule for the criminal monetary
penalties imposed on him. The government has essentially
conceded that appellant is correct by moving this court to
vacate one count of conviction and to remand for resentencing
on the remaining count. 
In light of appellant's arguments and the
government's motion, we direct that appellant's conviction and
sentence on Count I be vacated as multiplicitous. See United
States v. Rivera, 77 F.3d 1348, 1351, 1352 (11th Cir.) (per
curiam), cert. denied, 517 U.S. 1250 (1996); United States v.
Horodner, 993 F.2d 191, 193 (9th Cir. 1993); United States v.
Jones, 533 F.2d 1387, 1391-92 (6th Cir. 1976) (all agreeing
that the continuous and uninterrupted possession of the same
firearm by a felon constitutes a single chargeable offense);
United States v. Gore, 154 F.3d 34, 47-48 (2d Cir. 1998)
(finding multiplicitous convictions and sentences to be plain
error and correcting the error by vacating one conviction).
We affirm the conviction on Count II. Because the
district court did not impose fully concurrent sentences on the
two counts of conviction (which involved essentially the same
underlying conduct), we vacate the sentence on Count II in its
entirety and remand for resentencing de novo. See United
States v. Rodriguez, 112 F.3d 26, 28 (1st Cir.) (noting that,
in multi-count convictions based on the same course of conduct,
the sentences form a "package" that work together, so that if
one is vacated on appeal, the trial judge ought to be free to
reconsider "how the pieces fit together"), cert. denied, 118 S.
Ct. 237 (1997); cf. United States v. Blasini-Lluberas, 169 F.3d
57, 68 (1st Cir. 1999) (declining to consider alleged
sentencing errors after vacating certain convictions for
insufficient evidence where, on remand, the district court
would be able to reevaluate and recalculate the sentence in
light of the court's rulings) (both citing United States v.
Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989)). We note
that any new sentence providing for a payment schedule for any
fine or special monetary assessment must comply with this
court's recent decision in United States v. Merric, 166 F.3d
406, 409 (1st Cir. 1999) (holding that a sentencing court may
not delegate the task of setting a payment schedule for
criminal fines to the probation officer). 
The judgment of conviction and the sentence on Count
I of the indictment are vacated. The judgment of conviction on
Count II is affirmed. The sentence on Count II is vacated and
remanded for resentencing de novo in accordance with this
opinion.