[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2007
THOMAS K. KAHN
CLERK

No. 05-12506
Non-Argument Calendar

_____

D. C. Docket Nos. 00-08055-CV-B-S & 97-00266-CR-B-S

MICAH RUDISILL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 14, 2007)**

Before TJOFLAT, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

In 1998, following a jury trial, Micah Rudisill was convicted of various

federal crimes, including, as relevant here, conspiracy to commit money

laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h). He was sentenced to serve 210 months in prison. On direct appeal, we affirmed his "convictions and sentences in all respects." United States v. Rudisill, 187 F.3d 1260, 1262 (11th Cir. 1999).

In 2000, Rudisill moved the district court to vacate his conviction, under 28 U.S.C. § 2255, alleging, as relevant here, that his trial counsel rendered constitutionally ineffective assistance when he failed to challenge Count 13 of the indictment (conspiracy to commit money laundering) on the grounds that it was duplicitous of other counts in the indictment or, alternatively, that it lacked the specificity necessary to charge an offense.[1] A magistrate judge recommended that Rudisill's § 2255 motion be dismissed in its entirety. With regard to Rudisill's ineffective assistance claim based on his counsel's failure to challenge Count 13 of the indictment, the magistrate judge, relying on our decision in United States v. Rivera, 77 F.3d 1348, 1352 n.4 (11th Cir. 1996) (citing former version of Fed. R. Crim. Pro. 12(b), (f)), concluded as follows: "This claim is waived because

_____

[1] This allegation was made in a February 2001 amendment to Rudisill's original § 2255 motion. In response to Rudisill's proposed amendment, the Government argued that it was untimely under AEDPA and that the new allegation did not relate back to the timely filed original motion. In the report and recommendation on Rudisill's § 2255 motion, the magistrate judge concluded, at least implicitly, that the amended allegations were timely. The Government did not file an objection to the recommendation. The district court adopted the recommendation without expressly addressing the matter. The Government has renewed its untimeliness argument on appeal, but we do not consider it because it is outside the scope of the COA.

2

[Rudisill] failed to raise the issue before trial." Without ruling on the merits of Rudisill's ineffective assistance claim, the district court adopted the magistrate judge's recommendation and dismissed Rudisill's § 2255 motion. Rudisill moved the district court for a certificate of appealability (COA) on various issues pertaining to the court's ruling. The district court did not grant a COA on any issue.

We likewise refused to grant a COA on all but one of the issues Rudisill sought to raise on appeal. We granted a COA on the following issue:

> Whether the district court erred by finding that [Rudisill's] claim that trial counsel should have objected to the money laundering count of the indictment was waived because [Rudisill] failed to raise the issue before trial?

That is the sole issue currently before us. See Murray v. United States, 145 F.3d 1250-51 (11th Cir. 1998) (per curiam) (limiting appellate jurisdiction in "an appeal brought by an unsuccessful habeas petitioner" to "the issues specified in the COA"); see also Dodd v. United States, 365 F.3d 1273, 1281 (11th Cir. 2004) (issues beyond the scope of the COA are "not properly reviewed by this Court"). The merits of Rudisill's ineffective assistance claim are not before us. After review, we conclude that the district court erred in treating Rudisill's ineffective assistance claim as having been waived.

In finding that Rudisill waived his ineffective assistance claim, the magistrate judge (and the district court by adoption) relied upon our statement in Rivera that the appellant in that case, who failed to make a pretrial objection to the constitutional validity of his indictment, "waived" his right to argue that issue on direct appeal. Rivera, 77 F.3d at 1352 n.4. Rivera did not involve a claim of ineffective assistance of counsel. Our waiver determination in Rivera was based on the interplay between Federal Rule of Criminal Procedure 12(b)(2), which, in its then-current form,[2] stated that objections "based on defects in the indictment"[3] . . . "must be raised prior to trial," and Rule 12(f), which stated that the "[f]ailure by a party to raise . . . objections . . . which must be made prior to trial . . . shall constitute waiver thereof." Fed. R. Crim. Pro. 12(b)(2), (f) (pre-2002 version). In Rivera, because the appellant's challenge to the indictment was not jurisdictional and not based on the indictment's failure to charge an offense, we observed that, under Rule 12(b)(2), the challenge had to be raised before trial. 77 F.3d at 1352 n.4. And because the challenge was not raised before trial, we noted that, under

_____

[2] Stylistic amendments were made to Rule 12 in 2002. The pre-2002 version of Rule 12 that we relied upon in Rivera was in force at the time of Rudisill's trial in 1998.

[3] Other defects in the indictment—e.g., those involving the failure of the indictment to show jurisdiction or the failure of the indictment to charge an offense—need not have been raised prior to trial, but instead "shall be noticed by the court at any time during the pendency of the proceedings." Fed. R. Crim. Pro. 12(b)(2) (pre-2002 version).

Rule 12(f), the appellant had waived the right to pursue the issue on appeal. Id.

The problem in this case, and the reason why we find it was error to hold that Rudisill's ineffective assistance claim was waived, stems from the district court's failure to recognize that Rudisill, unlike the appellant in Rivera, is not attempting to assert a direct challenge to his indictment. What he has instead alleged in his § 2255 motion is a Sixth Amendment claim attacking his trial counsel's performance in not arguing, during the pendency of the criminal proceedings, that the indictment was defective—i.e., that the money-laundering conspiracy count was either duplicitous or failed to charge an offense. It is one thing to assert, after the criminal proceedings have concluded, that an indictment was in some way defective; it is something altogether different to assert, in a § 2255 proceeding, that one's counsel was constitutionally deficient for failing to make such an argument during the pendency of the criminal proceedings. Those are separate and distinct legal claims. In the former situation (involving a substantive challenge to the indictment), Rule 12 places time limits on when such a claim can be asserted and prescribes waiver as the consequence of failing to abide by those limits. In the latter situation (a collateral challenge to the performance of one's counsel), Rule 12 has nothing to say about treating an ineffective assistance claim as waived. Thus, the district court's reliance on

Rivera was misplaced because Rule 12(f)'s waiver provision simply does not apply to the ineffective assistance claim alleged in Rudisill's § 2255 motion. Rudisill, therefore, has not waived his ineffective assistance claim.[4]

Nor is Rudisill's ineffective assistance claim procedurally defaulted as a consequence of his having failed to assert it in his direct appeal. See Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696 (2003) ("We [] hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

For the foregoing reasons, we conclude that Rudisill's ineffective assistance claim is not barred by waiver or procedural default. We thus vacate the judgment of the district court and remand for further proceedings the ineffective assistance claim addressed in this opinion. We express no view on the merits of Rudisill's claim. Instead, we leave to the district court the task of addressing the merits in the first instance.

**VACATED AND REMANDED.**

---

[4] We note that the Government does not disagree with this conclusion.