NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1425
_____

UNITED STATES OF AMERICA

v.

TERRELL HAMPTON,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 11-cr-325-001)
District Judge:  Hon. Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 18, 2013

Before:   RENDELL, JORDAN and LIPEZ*, *Circuit Judges.*

(Filed: October 21, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Terrell Ross Hampton appeals his conviction by the United States District Court

for the Eastern District of Pennsylvania, arguing that the evidence was insufficient to

_____
        * Honorable Kermit V. Lipez, United States Court of Appeals Senior Judge for the
First Circuit, sitting by designation.

sustain the jury's verdict of possession of a firearm by a convicted felon. For the reasons that follow, we will affirm.

## I.    Background[1]

On May 12, 2011, Secret Service agents arrested Hampton at the residence of Roxanne Mason at 5357 Delancey Street ("the Delancey House") in Philadelphia, Pennsylvania. When the agents entered the Delancey House after announcing their presence, they found Hampton looking "very disheveled," as if he had "just woke[n] up," standing at the top of the stairs on the second floor. (J.A. at 73-74, 106, 144.) The agents did not find Hampton with a firearm, but they did find a fully-loaded Springfield Armory, model XD, .40 caliber pistol hidden between the mattress and box-spring in the bedroom where he acknowledged he had been sleeping with Mason. The agents also recovered Hampton's shoes and cellular phone from that same bedroom. Mason admitted that she and Hampton had been the only individuals in that bedroom, and she asserted that the pistol did not belong to her.

Prior to Hampton's arrest, the Secret Service had obtained a photograph from his Facebook page that showed him with a pistol of the same make and model as the one recovered from the Delancey House. Hampton admitted that the photo was of him, stating "I cannot deny that that is me in the picture." (J.A. at 314.) A copy of that same photograph was also found on Hampton's cellular telephone, indicating that the photograph was taken on May, 2, 2011, ten days before the Secret Service agents seized

---

[1] In accordance with our standard of review, see *infra* note 3, we set forth the facts in the light most favorable to the government. Additionally, because we write solely for the parties, we set forth only those facts necessary to our analysis.

the firearm during Hampton's arrest. The cellular phone's memory card also contained, as a deleted file, a second photograph of Hampton holding a black, semiautomatic pistol of a type consistent with the recovered pistol. That photograph had been taken on April 3, 2011.

At the close of a one-day jury trial,[2] Hampton moved for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which the District Court denied. The following day, he was found guilty of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

Hampton then filed this timely appeal.

## II.    Discussion[3]

Hampton argues that the evidence, even when viewed in the light most favorable to the government, was insufficient to sustain his conviction because the government failed to prove beyond a reasonable doubt that he actually or constructively possessed the Springfield Armory, model XD, .40 caliber pistol. We disagree.

Hampton puts forth four arguments to rebut the government's claim of constructive possession: (1) that the government offered no physical evidence, including

---

[2] That was Hampton's second jury trial on the present indictment. The first ended in a mistrial after a jury was unable to agree on a verdict.

[3] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction over Hampton's appeal pursuant to 28 U.S.C. § 1291. We review the denial of a motion for judgment of acquittal *de novo*, viewing the evidence in the light most favorable to the government. *United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006). A jury verdict will be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

no fingerprints, to directly link Hampton to the firearm; (2) that "there [were] 2 other adult individuals who were present in the house to whom the gun may have belonged" (Appellant's Br. at 16); (3) that the gun was found in a bedroom "that was plainly occupied by 2 very young children" (*id.*); and (4) that, although the firearms from the April 3 and May 2 photographs look similar to the firearm seized from the Delancey House, there is no evidence that they are one and the same. In addition, Hampton contends that failure to satisfy "proof requirements of possession for either time period (April 3 to May 11 or May 12) would be fatal to a guilty verdict." (*Id*. at 17.)

Those arguments are unpersuasive for two fundamental reasons. First, Hampton misconstrues the felon-in-possession statute. As the government notes, we have recently held that being a felon-in-possession is a continuing offense. *United States v. Benjamin*, 711 F.3d 371, 378 (3d Cir. 2013). The government is therefore not required to prove that Hampton possessed the firearm during both "time periods" (Appellee's Br. at 16), as Hampton claims, but only that he possessed the firearm at some point, and that he had a continuing possessory interest in it: that is the essence of an offense being continuing. *Benjamin*, 711 F.3d at 378; *see also United States v. Rivera*, 77 F.3d 1348, 1351 (11th Cir. 1996) ("Proof of possession of a firearm as a convicted felon on one day within an alleged continuous possession is sufficient to support a conviction.").

Second, while Hampton correctly cites the standard of review that we must apply, he ignores the inferences that are most favorable to the government and instead draws inferences that are most favorable to him. His arguments that "2 other adults" were present at the time the firearm was discovered and that the evidence was ultimately

4

insufficient to confirm that the firearms in the photographs were indeed the same as the one seized are, at bottom, inconsequential in light of what a reasonable jury could find. A person is considered to constructively possess a thing when, "although not in actual possession, [that person] knowingly has both the power and the intention at a given time to exercise dominion or control over [the] thing, either directly or through another person or persons." *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991) (citing *Black's Law Dictionary* 1047 (5th ed. 1979)). Here, Hampton was sleeping on the mattress which had the firearm hidden under it. While we have held that dominion and control cannot be established by "mere proximity" to the prohibited item, *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (citations omitted), or "mere knowledge" of the prohibited item's existence, *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999), proximity and knowledge can rightly be combined with evidence of ownership to prove possession. *Cf. United States v. Booker*, 436 F.3d 238, 242 (D.C. Cir. 2006) ("Although mere proximity to a gun is insufficient to establish constructive possession, evidence of some other factor – including connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise – coupled with proximity may suffice."). The jury was shown two photographs from different dates in which Hampton was holding a firearm that is consistent with the firearm that was recovered. Upon viewing the evidence in the light most favorable to the government, a jury could easily conclude that the firearms were one and the same. Fingerprints were not necessary to find Hampton guilty, given the evidence already arrayed against him.

In sum, a jury could and did properly find beyond a reasonable doubt that Hampton was a felon in possession of a firearm, and the motion to acquit was thus without merit.

## III. Conclusion

Accordingly, we will affirm the District Court's judgment.