[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11308
Non-Argument Calendar

_____

D.C. Docket No. 7:17-cr-00015-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TREVOR HAYNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 10, 2020)

Before WILSON, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Haynes appeals his convictions and sentences for one count of

possession of a firearm by a person previously convicted of domestic violence, in

violation of 18 U.S.C. § 922(g)(9), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Haynes first argues that his convictions should be vacated because his indictment failed to allege—and the grand jury failed to find probable cause—that he knew he belonged to a category of persons who could not possess a firearm, as required by *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019).  The government asserts that we should review such a claim for plain error, but Haynes contends that plain-error review does not apply because (1) his claim was not reasonably available prior to *Rehaif*, (2) the error in his indictment was jurisdictional, and (3) the error was structural.  Second, Haynes contends, and the government concedes, that his concurrent sentences and the two special assessments for his § 922(g) convictions violate the Double Jeopardy Clause.[1]  We will address each argument in turn.

## I.

"The district court's subject matter jurisdiction is a question of law that we review *de novo* even when it is raised for the first time on appeal."  *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016) (per curiam).  Likewise, "[w]e review *de novo* a challenge to the legal sufficiency of the indictment."  *United*

---

[1] Haynes also argues that his trial attorney was ineffective for failing to object to his sentences as being in violation of the Double Jeopardy Clause.  However, because we conclude that Haynes's sentences do violate the Double Jeopardy Clause, this argument is moot, and we do not address it.

*States v. Shotts*, 145 F.3d 1289, 1293 (11th Cir. 1998).  However, because errors in an indictment are not jurisdictional, a defendant must object to preserve an issue regarding the indictment for appeal; otherwise, plain-error review applies.  *See United States v. Cotton*, 535 U.S. 625, 631 (2002).[2]

Under plain-error review, Haynes must show that (1) an error occurred; (2) it was plain; (3) it affected his substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration accepted) (internal quotation marks omitted).  "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'"  *Id.* at 734.  For an error to affect substantial rights, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings."  *Id.*  If we must speculate that the result would have been different, the defendant has not met his burden.  *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).  As the "reviewing court[, we] may consult the whole record when considering the effect of any error on [Haynes's] substantial rights."  *United States v. Vonn*, 535 U.S. 55, 59 (2002).

---

[2] The error in the indictment in *Cotton* revolved around the omission of a fact used to enhance the defendants' statutory maximum sentence, which was required to be proven beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *See Cotton*, 535 U.S. at 627.  In *Apprendi*, the Supreme Court noted that such a fact was the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." 530 U.S. at 494 n.19.

The plain-error rule does not only apply when the district court's decision was plainly incorrect when it was made. *See Henderson v. United States*, 568 U.S. 266, 273–74 (2013). It also applies when (1) the district court's decision was not plainly incorrect at the time it was made, but later becomes so based on a change in the law, *Johnson v. United States*, 520 U.S. 461, 468 (1997), and (2) when the law was unsettled at the time of the district court's decision, but later becomes settled at the time of appellate consideration, *see Henderson*, 568 U.S. at 278–79. Additionally, the plain-error rule applies to structural errors. *See Johnson*, 520 U.S. at 466–69.

Barring a few exceptions not relevant here, the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, *unless on a presentment or indictment of a Grand Jury*." U.S. CONST. amend. V (emphasis added). An indictment is sufficient "if it: (1) *presents the essential elements of the charged offense*, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (en banc) (emphasis added). "A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense." *United States v. Gayle*, 967 F.2d 483, 485 (11th Cir. 1992) (en banc).

4

This rules serves two functions: (1) "[I]t informs the defendant of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution," and (2) "it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *Id.* A grand jury can determine if probable cause supports each element "only if all elements of the offense are contained in the indictment." *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988). However, the Fifth Amendment right to be indicted by a grand jury can be "forfeited . . . by the failure to make timely assertion of the right." *Cotton*, 535 U.S. at 634.

As relevant here, § 922(g) makes it "unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . or (9) who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1), (9). Federal law states that "[w]hoever knowingly violates [§ 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

5

In *Rehaif*, the Supreme Court considered what the government must prove in a prosecution for possessing a firearm under §§ 922(g) and 924(a)(2).  139 S. Ct. at 2194.  Specifically, the Court set out to determine the scope of the word "knowingly."  *Id.*  The Court held that the government must prove that the defendant knew that he possessed a firearm *and* that he fell within one of the categories of people prohibited from possessing a firearm.  *Id.* at 2194–96, 2200.  This ruling reversed a line of cases in this Circuit holding that the government did not have to prove that the defendant had knowledge of his unlawful status.  *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (per curiam); *United States v. Rehaif*, 888 F.3d 1138, 1147 (11th Cir. 2018), *rev'd and remanded*, *Rehaif*, 139 S. Ct. at 2200.

We recently discussed *Rehaif* in *United States v. Reed*, No. 17-12699, 2019 WL 5538742, at *1–3 (11th Cir. October 28, 2019).  There, the defendant argued for the first time that his convictions under § 922(g)(1) must be vacated because his indictment failed to allege, his jury was not instructed to find, and the government was not required to prove, that he knew he was a felon when he possessed a firearm.  *Id.*, at *1.  We reviewed the defendant's claims for plain error and determined that he had established errors that *Rehaif* made plain.  *Id.*, at *3.  Nonetheless, we concluded that the defendant could not "show a reasonable probability that, but for the errors, the outcome of his trial would have been

6

different." *Id.* (alterations accepted).  We stated that the defendant had been

convicted of eight prior felonies, and "the jury could have inferred that [the

defendant] knew he was a felon from his stipulation [that he had previously been

convicted of a felony] and from his testimony that he *knew* he was not supposed to

have a gun." *Id.*  Accordingly, we affirmed the defendant's convictions.  *Id.*

As an initial matter, plain-error review applies to Haynes's challenges to his

indictment on appeal.  Again, Haynes asserts that plain-error review does not apply

to his claim because the claim was not reasonably available to him prior to *Rehaif*;

the claim is jurisdictional, and the error is structural.  As explained above, these

assertions are wrong.  *See Johnson*, 520 U.S. at 466–69; *Cotton*, 535 U.S. at 631.

Under plain-error review, Haynes is not entitled to relief on his claims that

the indictment failed to allege, and the grand jury failed to find probable cause, that

he knew of his prohibited statuses.  First, we agree that error occurred when the

indictment failed to allege that Haynes knew of his statuses that prohibited him

from possessing firearms.  Nowhere in the indictment did it allege that Haynes

knew that his prior convictions made him ineligible to possess a firearm; rather, it

alleged that he was convicted of the prior offenses and that he knowingly

possessed a firearm.  Given this omission, the grand jury was unable to find

probable cause of this element.  As we have recently concluded, *Rehaif* made these

errors plain.

However, Haynes has not shown that these plain errors affected his substantial rights. Considering Haynes's stipulations and the evidence presented at trial, a reasonable jury could have inferred that he knew of his prohibited statuses. Specifically, Haynes stipulated at trial that he had been convicted of a crime punishable by imprisonment for a term in excess of one year, which satisfied the "convicted felon" element for § 922(g)(1), and that he had been convicted of a misdemeanor crime of domestic violence, which satisfied § 922(g)(9). Further, a law enforcement officer testified that Haynes admitted that he knew he was not supposed to possess a firearm because he was a convicted felon. Accordingly, Haynes has failed to establish that the errors affected his substantial rights. *See Olano*, 507 U.S. at 734. And for the same reasons, Haynes would be unable to establish that the errors in his indictment affected the fairness, integrity, and public reputation of the judicial proceedings. Accordingly, we affirm in this respect.

## II.

We normally review possible violations of the Double Jeopardy Clause de novo. *United States v. Rivera*, 77 F.3d 1348, 1350 (11th Cir. 1996) (per curiam). However, a claim of error which was not preserved below is reviewed for plain error. *Puckett v. United States*, 556 U.S. 129, 134–35 (2009). As stated before, under plain-error review we may correct an error where (1) an error occurred; (2) it was plain; (3) it affected substantial rights; and (4) "the error seriously affects the

8

fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732. "For a plain error to have occurred, the error must be one that is obvious and is clear under current law." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).[3]

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. As we have explained, the Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal," "against a second prosecution for the same offense after conviction," and "against multiple punishments for the same offense." *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009) (internal quotation mark omitted).

In *United States v. Winchester*, we determined that a defendant should not be punished "under two or more separate subdivisions of 18 U.S.C. § 922(g)." 916 F.2d 601, 607 (11th Cir. 1990). We noted that under the interpretation urged by the government—which we rejected—"a convicted felon who is also a fugitive from justice, a drug addict, a 'mental defective,' and an illegal alien, could be sentenced to five consecutive terms of imprisonment for the same incident, namely, the possession of a firearm." *Id.*

---

[3] Haynes concedes that plain-error review applies to his arguments on this matter.

9

In *Ball v. United States*, the Supreme Court held that where a defendant improperly received two convictions for the same conduct, the error must be remedied by vacating one of the convictions.  470 U.S. 856, 864 (1985).  The Court stated that even where the district court imposed concurrent sentences for the convictions, such that the defendant suffered no additional period of imprisonment for the second conviction, one conviction must be vacated because the separate conviction "has potential adverse collateral consequences."  *Id.* at 864–65.  The Court subsequently held, in *Rutledge v. United States*, that a mandatory special assessment is, by itself, a sufficient collateral consequence requiring that a multiplicitous conviction be vacated.  517 U.S. 292, 301–03 (1996).

Here, as the government concedes, under our prior holding in *Winchester*, and the Supreme Court's prior holdings in *Ball* and *Rutledge*, the district court committed plain error by sentencing Haynes to concurrent sentences and imposing two special assessments for his two § 922(g) convictions based on the same criminal incident, in violation of the Double Jeopardy Clause.  This error affected Haynes's substantial rights, because without the violation he would not have had the collateral consequences of a second sentence or an additional $100 assessment.  Finally, the imposition of multiple collateral consequences, in violation of the Double Jeopardy Clause, seriously affects the fairness, integrity or public reputation of judicial proceedings.  Accordingly, we vacate Haynes's sentences

10

and remand the case for the purpose of allowing the district court to merge

Haynes's two § 922(g) convictions and sentence him on a single § 922(g) count,

with only one special assessment of $100.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**