[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14315
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60085-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY CADET,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2020)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Cadet appeals his conviction and 120-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and his conviction and 31-month sentence for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8).  He raises two arguments on appeal. First, he asserts that in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his indictment is deficient because it failed to allege that he had knowledge of his status or to reference 18 U.S.C. § 924(a)(2).  Second, he contends that by imposing separate convictions and sentences under two subdivisions of § 922(g) when the charged offenses arose from the same incident, the district court imposed multiple punishments for the same offense, in violation of the Double Jeopardy Clause.

## I.

A grand jury indicted Cadet for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); and possession of a firearm and ammunition by a prohibited person, in violation of § 922(g)(8) (Count 2).  The indictment provided that, on or about February 18, 2018, Cadet knowingly possessed a firearm and ammunition after being convicted of a crime punishable by a term of imprisonment exceeding one year and after being subject to a court order that: (1) was issued after a hearing that he had notice of and an opportunity to participate in; (2) prohibited him from harassing, stalking, or

threatening an intimate partner, or engaging in conduct that would place the intimate partner in reasonable fear of bodily injury; and (3) expressly prohibited the use, attempted use, and threatened use of physical force against the intimate partner that would reasonably be expected to cause bodily injury. (*Id.*).

Cadet pled guilty to both counts without a plea agreement. During the change of plea hearing, he additionally stated that he had read and signed the "Agreed Factual Basis for Plea" and agreed that it was accurate. The district court incorporated the factual proffer by reference, accepted Cadet's plea, and adjudged him guilty.

The factual proffer stated the following. On February 18, 2018, law enforcement received a 911 call from Victim 1, who stated that she was Cadet's girlfriend and he had struck her in the face with a closed fist several times. Victim 1 additionally stated that Cadet had a firearm and was driving, informing the 911 operator of his location. Local law enforcement made contact with Cadet and placed him under arrest for domestic violence battery. They were unable to locate a firearm in Cadet's car, but during a pat down search, they felt what appeared to be a firearm inside Cadet's pants and lodged between his buttocks. They repeatedly asked Cadet to loosen his grip on the firearm, but Cadet refused. Continuing to search Cadet's buttocks area for the firearm, law enforcement recovered a loaded pistol.

3

The proffer further provided that a records check revealed that Cadet had been convicted of several felonies punishable by at least one year in prison and that there was an outstanding protection order against him for domestic violence against Victim 2, another female.  On July 23, 2013, Cadet was served a notice of hearing for a "Temporary Judgment of Injunction for Protection against Domestic Violence."  He was provided an opportunity to participate in the hearing.  On August 19, 2013, he was served with a "Final Judgment of Injunction for Protection against Domestic Violence" that was currently in effect.  The protection order prohibited Cadet from committing any acts of domestic violence against Victim 2, including "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death."  In addition, Cadet was ordered to surrender any firearms and ammunition in his possession to local law enforcement.

According to the presentence investigation report ("PSI"), Cadet had several felony convictions for offenses such as armed robbery, possession of cocaine, and burglary.  In May 2000, Cadet was sentenced to 120 months in prison for armed robbery, his sentence was later modified to approximately 85 months in prison, and he was released in August 2006.  With respect to his conviction for possession of cocaine, Cadet was sentenced to 60 months in prison in November 2007 and

4

released in November 2008. Cadet was also sentenced to 60 months in prison for burglary in November 2007, but he was resentenced to 14 months in prison and released in November 2008.

At the sentencing hearing, the district court sentenced Cadet to a total of 151 months in prison, with 120 months in prison as to Count 1 and 31 months in prison as to Count 2, to be served consecutively. The court additionally sentenced Cadet to three years of supervised release as to Counts 1 and 2, to run concurrently.

Cadet timely appealed, arguing in relevant part that the district court erred in imposing multiple punishments for the same offense, as his convictions under separate subdivisions of 18 U.S.C. § 922(g) violated his rights under the Double Jeopardy Clause. He requested that this Court vacate and remand this case with instructions that the district court vacate one of his convictions. The government conceded that the district court plainly erred but asserted that, rather than vacate one of Cadet's convictions, the district court should merge his convictions for purposes of sentencing. This Court reversed and remanded, concluding that the district court plainly erred in imposing consecutive sentences for Cadet's "dual violations of § 922(g)," in light of its decision in *United States v. Winchester*, 916 F.2d 601 (11th Cir. 1990). The Court instructed the district court "to resentence Cadet in accordance with [the *Winchester*] opinion."

At the resentencing hearing, the district court interpreted this Court's opinion as instructing it to impose Cadet's sentences on Counts 1 and 2 concurrently.  The government argued that Cadet should only be sentenced on one count and that a 120-month sentence was appropriate.  Asserting that this Court's opinion indicated that he could only be sentenced for up to 120 months in prison, Cadet requested that the district court impose a 100-month sentence to account for his acceptance of responsibility.

The district court adjudged Cadet guilty of Counts 1 and 2.  It sentenced him to 120 months in prison as to Count 1, concurrent with 31 months in prison as to Count 2, followed by 3 years of supervised release as to both Counts, to be served concurrently.  The court additionally ordered Cadet to pay a mandatory special assessment of $100 for each count, totaling $200.

## II.

We review a challenge to the district court's subject-matter jurisdiction *de novo*, regardless of whether it was raised in the district court.  *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016).  Nevertheless, a non-jurisdictional challenge to the sufficiency of an indictment can be waived or forfeited.  *See United States v. Cotton*, 535 U.S. 625, 631 (2002) (applying plain error review to a forfeited claim following jury conviction); *United States v. Brown*, 752 F.3d 1344,

1354 (11th Cir. 2014) (concluding that the defendant's guilty plea waived her non-jurisdictional challenge to the indictment).

An unconditional guilty plea waives all claims regarding non-jurisdictional defects to an indictment. *Brown*, 752 F.3d at 1347–48, 1354. When a challenge to an indictment is not waived by a guilty plea and was not preserved below, we review for plain error. *Cotton*, 535 U.S. at 627-29, 631-32; *see United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019). Under plain error review, a defendant must show that an error occurred, it was plain, it affected his substantial rights, and it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Reed*, 941 F.3d at 1021 (quotation marks omitted, alteration in original).

We are bound to follow prior binding precedent unless and until it is overruled by this Court sitting *en banc* or the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Where a defendant does not offer any argument regarding an issue on appeal, he is deemed to have abandoned that issue. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

Section 922(g) of Title 18 of the United States Code governs offenses for unlawful possession of a firearm and ammunition. 18 U.S.C. § 922(g). In relevant part, it prohibits the possession of a firearm or ammunition by a person who has been convicted of a crime punishable by a term of imprisonment exceeding one

7

year.  *Id.* § 922(g)(1).  It also prohibits the possession of a firearm or ammunition by a person who is subject to a court order that: (1) was issued after a hearing of which the person had notice and in which he could participate; (2) "restrains such person from harassing, stalking, or threatening an intimate partner . . . , or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury"; and (3) "by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner . . . that would reasonably be expected to cause bodily injury."  *Id.* § 922(g)(8).  Section 924(a)(2) provides that anyone who "knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both."  *Id.* § 924(a)(2).

The Supreme Court in *Rehaif* held that to be prosecuted under § 922(g) and § 924(a)(2), a defendant must have known that he belonged to a category of persons barred from possessing a firearm or ammunition.  139 S. Ct. at 2200.  Since *Rehaif*, we have concluded that the failure of an indictment charging a § 922(g) violation to allege that a defendant had knowledge of his status or to cite § 924(a)(2) does not deprive a district court of jurisdiction.  *United States v. Moore*, 954 F.3d 1322, 1336-37 (11th Cir. 2020).  However, the omission of the knowledge element is an error that *Rehaif* made plain.  *Reed*, 941 F.3d at 1019-21.  To determine whether this error affected the defendant's substantial rights, we have examined whether the evidence in the record shows that the defendant had

knowledge of his status when he possessed the firearm and ammunition. *Id.* at 1021-22; *Moore*, 954 F.3d at 1337-38.

Here, to the extent that Cadet asserts that the district court lacked jurisdiction because the indictment failed to allege that he had knowledge of his status or reference § 924(a)(2), his argument is foreclosed by our binding precedent. *See Moore*, 954 F.3d at1336-37. Because the alleged errors in the indictment are non-jurisdictional and Cadet does not challenge the validity of his plea in his brief, and thus abandoned that issue, he waived his claim that the indictment was deficient by pleading guilty.

Moreover, even if Cadet's claim was not waived by his guilty plea, it fails under plain error review because the facts in the record establish that Cadet knew that he was a felon and subject to a protection order when he possessed the firearm and ammunition, and therefore, he fails to establish that the error affected his substantial rights. Specifically, as stated in the factual proffer and PSI—which he did not object to—Cadet had several convictions in which he was sentenced to prison for more than 1 year, including a 120 month sentence that he served for at least 75 months. The factual proffer additionally stated that Cadet had received a "Final Judgment of Injunction for Protection against Domestic Violence" prohibiting him from committing acts of domestic violence against Victim 2 and that he had been ordered to surrender any firearms and ammunition in his

9

possession.  Finally, Cadet's offense conduct indicates that he had knowledge of his status as a felon or a person subject to a protection order, or both, because he presumably hid the pistol between his buttocks during his encounter with law enforcement because he knew that he was not permitted to possess a firearm and wanted to avoid discovery of the pistol.

### III.

We generally review alleged violations of the Double Jeopardy Clause *de novo.  United States v. Rivera*, 77 F.3d 1348, 1350 (11th Cir. 1996).  However, a claim of error that was not preserved is reviewed for plain error.  *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Among other things, the Double Jeopardy Clause protects against multiple punishments for the same offense.  *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009).

In *Ball v. United States*, the Supreme Court concluded that where Congress does not intend a defendant to receive multiple punishments for the same conduct, the imposition of separate convictions and sentences constitutes unauthorized punishment, even if the sentences are concurrent with one another.  470 U.S. 856, 864-65 (1985).  It explained that a separate conviction could have collateral

10

consequences, such as delaying a defendant's eligibility for parole or increasing his sentence under a recidivist statute, and it "certainly carries the societal stigma accompanying any criminal conviction." *Id.* at 865. A mandatory special assessment is, by itself, a sufficient collateral consequence requiring that a multiplicitous conviction be vacated. *Rutledge v. United States*, 517 U.S. 292, 301-03 (1996).

In *United States v. Winchester*, we determined that where the charged offenses arose from a single incident, a defendant cannot be punished under two or more separate subdivisions of 18 U.S.C. § 922(g). 916 F.2d 601, 606-07 (11th Cir. 1990). Noting that Congress's intent in enacting § 922(g) was to prohibit the possession of firearms by classes of individuals considered dangerous, rather than punish a person based on his particular status under the law, we rejected the government's argument that "a convicted felon who is also a fugitive from justice, a drug addict, a 'mental defective,' and an illegal alien, could be sentenced to five consecutive terms of imprisonment for the same incident, namely, the possession of a firearm." *Id.* Concluding that the district court erred in sentencing the defendant to consecutive terms of imprisonment for possession of a firearm on a single occasion, we reversed and remanded for resentencing. *Id.* at 608.

Here, the district court plainly erred in imposing two separate convictions and sentences for violation of two subdivisions § 922(g) because both convictions

11

arose out of the same incident.  In light of the Supreme Court's decisions regarding concurrent sentences for multiplicitous convictions and our decision in *Winchester*, the district court's error is plain.  The error also affected Cadet's substantial rights because he was required to pay a $100 special assessment for each conviction and could suffer other collateral consequences resulting from the second conviction. Finally, the imposition of multiple punishments, in violation of the Double Jeopardy Clause, seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Accordingly, we vacate Cadet's sentences and remand in part with instructions that one of the convictions be vacated and merged into the other, and that he be resentenced on a single count with only one special assessment of $100.  *Ball*, 470 U.S. at 864.

**AFFIRMED in part, VACATED in part, AND REMANDED.**